PEOPLE *v.* TURNER.

1. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION.
   A defendant in a prosecution for crime is not·obliged to testify (Const 1908, art 2, § 16).

2. SAME—INDECENT EXPOSURE—EVIDENCE.
   Finding by trial judge that defendant was guilty of indecent exposure *held*, not contrary to the law and supported by the evidence (CL 1948, § 750.335).

3. SAME—NONJURY TRIAL—INDECENT EXPOSURE—SUBSEQUENT CONDUCT.
   Prosecution's undertaking to show subsequent conduct in non-jury trial of defendant, charged with indecent exposure, by testimony of complaining witness, a young girl, did not constitute reversible error under the circumstances (CL 1948, § 750.335).

4. SAME—WITNESSES—AVAILABILITY.
   Failure of prosecutor to subpoena a young girl who had sat in theater near complaining witness against defendant, charged with indecent exposure, or to indorse such girl's name on information, did not constitute reversible error, where such girl was not within this State at the time of the trial and could not be subpoenaed as a witness and it was not at all certain she had seen defendant's actions as she sat 2 seats away from him (CL 1948, § 750.335).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Criminal Law § 144; 58 Am Jur, Witnesses § 36.
[4–6] 14 Am Jur, Criminal Law § 163; 58 Am Jur, Witnesses §§ 3, 8.

5. Same—Indecent Exposure—Witnesses—Theater Usher—Indorsement of Name on Information.

Failure of prosecutor to call as a witness an usher at theater at which defendant's act of indecent exposure is alleged to have been committed was not reversible error, where defendant had not asked to have the usher's name indorsed on the information before or during the course of the trial (CL 1948, § 750.335).

6. Same—Indecent Exposure—Theater Usher—Corroboration.

Failure to call as a witness the usher at theater in which defendant is alleged to have committed an act of indecent exposure and to whom complaining witness had reported her experience did not constitute reversible error, since the testimony of the usher would have been only corroborative of part of what the complaining witness had sworn to (CL 1948, § 750.335).

Appeal from St. Clair; Stewart (Shirley), J. Submitted April 17, 1952. (Docket No. 90, Calendar No. 43,964.)   Decided May 16, 1952.

Cecil Turner was convicted of indecent exposure. Affirmed.

*Stanley C. Benedict,* for defendant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Delmer L. Cleland,* Prosecuting Attorney, and *William J. Ash* and *Stanley Schlee,* Assistant Prosecuting Attorneys, for the people.

Butzel, J.   Defendant appeals from his conviction of the misdemeanor of indecent exposure, CL 1948, § 750.335 (Stat Ann § 28.567).   He was sentenced to 6 months in jail, the maximum penalty being 1 year.   The circuit judge heard the case without a jury.   The complaining witness, whom we shall refer to as Mary Lou, was a young girl.   She went to a theater in Port Huron on the last Saturday

afternoon in August, 1946, and was accompanied by the young children of her brother. Defendant occupied the seat next to her. He opened his trousers, exposed and handled his private parts and tried to take her hand and place it on the private parts. She thereupon left with the children, told the usher what had taken place, and she told her to take seats in the front of the theater. A few months later she saw defendant in a doctor's office where she went for treatment and immediately ran home and told her mother. She had seen the defendant once again in the theater while she was buying some candy. Mary Lou was the sole witness for the people. She testified in a straightforward manner. Defendant did not testify. nor was he obliged to* nor did he produce any witnesses. The conviction by the trial judge is not contrary to the law and is supported by the testimony.

Although the defendant was solely charged with the misdemeanor committed in August, 1946, the prosecution undertook to show how defendant subsequently at the theater had tried to have Mary Lou meet him. The court of its own accord stated that this was subsequent testimony and doubted the admissibility. He asked what the prosecution proposed to prove. The prosecutor stated that he wanted to show the habits of the man. The court, thereupon, said:

"The court knows this man is in the habit of doing these things. I have had to sentence him before. Mr. Benedict knows I know and Mr. Turner knows that I know he is what is termed a sex degenerate and as yet we haven't arrived at a place of intelligence where we know how to handle it; it is one of the instances where we are puzzled as to what to do. It has been established that they have to be sentenced and have to be punished."

---

* See Const 1908, art 2, § 16.—REPORTER.

Counsel for defendant interposed no objection whatsoever. The court shortly thereafter stated:

"This man here is entitled to a fair trial. Now, it doesn't make any difference what I know about him and what I think about him. I still have to give him a fair trial."

Under the circumstances there was no error.

Defendant further claims that it was reversible error because the prosecutor did not subpoena a young girl who sat next to the children whom Mary Lou took to the theater nor indorse her name on the information. Mary Lou knew this girl from the Scout Camp but did not know her last name or her address in Georgia at the time of the trial. It is obvious that this girl could not be subpoenaed as a witness nor was it at all certain that she had seen defendant's actions as she sat 2 seats away from him.

It is also claimed that the usher should have been called as a witness. At the most, she could only testify to what Mary Lou had told her. Defendant did not ask to have the name of the usher indorsed on the information. The objection, even if it had any merit, comes too late. *People* v. *Dimitroff*, 321 Mich 205. At most, the testimony of the usher would have been only corroborative of part of what Mary Lou had sworn to. There was no reversible error.

The conviction is affirmed.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.