## PEOPLE *v.* RASMUS.

1. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—INDORSE-
   MENT.

   Indorsement of the names of all known *res gestae* witnesses on
   an information charging a crime is the duty of the prosecutor
   (CLS 1961, § 767.40).

2. SAME—RES GESTAE WITNESSES—INDORSEMENT—BARMAID.

   Barmaid, who saw someone at door of bar after closing hour
   attempting to break in, and reported that fact to bar owner
   who gave chase, was clearly a witness whose name was required
   to be indorsed on information charging crime of attempted
   breaking and entering, where identity of defendant was an
   issue (CL 1948, § 750.92; § 750.110 as amended by PA 1964,
   No 133; CLS 1961, § 767.40).

3. SAME—RES GESTAE WITNESSES—FAILURE TO INDORSE—OBJECTION.

   Objection by defendant charged with crime to failure of prose-
   cutor to indorse name of a *res gestae* witness known to prosecu-
   tor on the information as required by statute comes too late
   when made for the first time on motion for new trial or on
   appeal, where the existence of the witness and the witness's
   part in the events of the crime were known to defendant and
   his attorney as early as the preliminary examination (CLS
   1961, § 767.40).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  29 Am Jur 2d, Evidence § 708; 27 Am Jur, Indictments and
     Informations § 46.
[2, 3]  27 Am Jur, Indictments and Informations § 46.
[4]  29 Am Jur 2d, Evidence § 367.
[5]  29 Am Jur 2d, Evidence § 279.
[6]  21 Am Jur 2d, Criminal Law §§ 319, 321.

4. Criminal Law—Evidence—Arrest—Identity of Defendant.
    Testimony by bar owner that he identified defendant charged with attempted breaking and entering of his bar when defendant answered the door of his hotel room but refused admission to arresting officers by keeping chain-latch fastened was admissible (CL 1948, § 750.92; § 750.110, as amended by PA 1964, No 133).

5. Same—Evidence—Arrest.
    Admission of testimony at trial for attempted breaking and entering that arresting police officers went to defendant's hotel room in late afternoon after attempt was made at 4 a.m., that defendant refused admission to officers, talked to them through door opening allowed by extended chain-latch, and was taken into custody a half hour later after chain-latch was cut, *held*, not prejudicial error, where no damaging admissions were made or evidence seized, claimed to be seized, or offered, and the testimony was not objected to by defendant (CL 1948, § 750.92; § 750.110, as amended by PA 1964, No 133).

6. Constitutional Law—Court-Appointed Counsel—Competency.
    Claim that defendant's court-appointed trial counsel was incompetent *held*, not supported on a careful examination of the entire record presented on appeal in prosecution for attempted breaking and entering (Const 1963, art 1, § 20; CL 1948, § 750.92; § 750.110, as amended by PA 1964, No 133).

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 November 9, 1966, at Grand Rapids. (Docket No. 1,688.) Decided November 27, 1967. Leave to appeal denied February 13, 1968. See 380 Mich 755.

Joseph P. Rasmus was convicted of attempted breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *A. Ray Kalliel,* Assistant Prosecuting Attorney, for the people.

*Vernon D. Kortering,* for defendant.

NEWBLATT, J. Defendant was convicted by a jury of attempted[1] breaking and entering[2] and was duly sentenced and now prosecutes this appeal as a matter of right.

Sometime shortly after 4 a.m. on May 30, 1965, a bar owner in Grand Rapids was cleaning up after the bar had been closed when his attention was called by a barmaid who was still on the premises to the fact that someone was trying to break into the bar. The owner went to the door, saw a man whom he recognized, and gave chase, but could not catch the fleeing man. Subsequently, the defendant was identified by the owner, arrested, tried, and convicted.

The first of two questions raised on appeal concerns the failure of the prosecution to indorse the name of the barmaid upon the information as required by statute. CLS 1961, § 767.40 (Stat Ann 1965 Cum Supp § 28.980).[3] Certain additional record facts must be noted in connection with this question. The only person who identified the defendant at the trial as the person who attempted to break into the bar was the owner. All the record evidence concerning the barmaid is as follows: At the preliminary examination, the owner testified that a barmaid (not further identified) called the owner's attention to the fact that someone was outside the front door of the closed bar with a crowbar and that the barmaid called the police. Upon cross-

---

[1] CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287).

[2] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305) as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

[3] "All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same. The information shall be subscribed by the prosecuting attorney or in his name by an assistant prosecuting attorney. Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

examination by defendant's trial counsel, the owner was asked whether his attention was called to the fact that someone was attempting to break in through the front door and the owner answered that the barmaid called it to his attention. Further on in the same cross-examination, the owner testified that he gave chase and told the barmaid to call the police. Nothing in the record indicates that the barmaid was further identified from the time of the examination until trial. At trial, on direct examination, the owner repeated that it was his barmaid who first called to his attention that someone was trying to break in. Again, and still upon direct examination, the owner testified that after going to the door and seeing a man with a crowbar, he told his barmaid, "Pat", to call the police. This is the first and only mention of the name of the barmaid. On cross-examination by defendant's trial counsel, further oblique references were made to the barmaid. There was no other testimonial reference to the barmaid in either the preliminary examination or the trial.

One last series of record events must be noted to complete recitation of every reference made regarding the barmaid and to place the facts in ruling perspective. The people rested, having called all the witnesses who had in fact been indorsed upon the information, and defendant's trial counsel asked for an adjournment so he could have two witnesses present for the defense presentation. The trial court then recessed until 9 a.m. the next day. In defense counsel's argument to the jury and in the trial judge's charge, both defense counsel and the trial judge referred to the fact that the owner's attention was called to the alleged attempted break-in by another person.

Defendant's trial counsel at no time moved to have the barmaid indorsed upon the information

as a witness nor did he ever demand that she be produced as a witness. The first and only time any questions concerning the barmaid as a witness were raised was on this appeal.

Inasmuch as the record does show or imply that the barmaid did see someone at the door attempting to enter and the identification of the appellant was an issue, the barmaid was clearly such a witness as the prosecuting attorney was statutorily obligated to indorse upon the information and to produce at trial. *People* v. *Castelli* (1963), 370 Mich 147; *People* v. *Blazenzitz* (1920), 212 Mich 675; *People* v. *Tann* (1949), 326 Mich 361. As said in *Tann* on page 367:

"The purpose of the rule is to insure the whole of the *res gestae* and to protect the accused against the suppression of testimony favorable to him.

"It is the duty of the prosecution to show the whole transaction as it was, regardless of whether it tends to establish guilt or innocence."

The prosecutor having failed to comply with the statutory requirement, can a defendant and his counsel who were both made aware of the existence of such a witness as early as the preliminary examination, who heard at trial further verification of the presence of the witness, and who, nevertheless, with that knowledge, failed to move to indorse such a witness or to demand the production of the witness at trial, now complain? The answer is no. *People* v. *Blazenzitz, supra* (where it was noted that neither defendant, nor his counsel, knew until after the trial of the existence of the witnesses); *People* v. *Bartlett* (1945), 312 Mich 648. In *Castelli,* the first that the defendant or his counsel heard of the witness was at the trial and then a timely motion was made and denied by the trial court. *People* v. *Prescott* (1934), 268 Mich 606; *People*

v. *Dimitroff* (1948), 321 Mich 205; *People* v. *Turner* (1952), 333 Mich 547.

These cases all hold that it is too late to complain about the failure of the prosecutor to indorse a witness when the complaint is first made on appeal or on motion for a new trial in a situation where the witness was known at the trial and no motion to indorse or produce was made. For all the record shows, defendant's trial counsel may have been overjoyed that the witness was neither indorsed nor presented and deliberately failed to raise the question. This is all the more true here where there is no claim that the prosecutor sought intentionally to conceal the existence of the witness and where the record shows as early as the preliminary examination that the existence and the information within the knowledge of the witness were made known to both the appellant and his trial counsel.

Defendant contends that receipt of testimony as to his arrest in the late afternoon after the attempted offense when he was in his hotel room and refused the officers entrance was prejudicial error. It must be noted that no incriminating statements were made nor was any evidence seized at the time of the arrest, only that the defendant refused the officers admission, talked to them through the space allowed by the extended chain-latch and was, one half hour later, taken into custody when the chain-latch was cut allowing the officers to enter. At the door at the original visit was the bar owner who testified that he identified the defendant when the defendant answered the door.

Appellant's sole claim was that the testimony about the arrest was irrelevant and prejudicial, but does not support such claim by a citation of authority. He argues that prejudice resulted in the jury being informed that he refused the officers admission to his room on the naked request for admission.

Several points must be noted: (1) The testimony was admitted without objection by appellant's trial counsel; (2) no damaging admissions were made nor evidence seized, claimed to be seized, or offered; (3) the owner's identification of the appellant when he saw the defendant through the space allotted by the extended chain-latch was admissible.

We can postulate that competent defense counsel could well have desired such testimony before the jury because of the total lack of incrimination thereby. At any rate, no objection having been made, we need not theorize as to the reason therefor. It is sufficient that it was admitted without objection or complaint.

On appellate argument, defendant's counsel asserted defendant's claim that his appointed trial counsel[4] was not competent. A careful examination of the entire record fails to support such an assertion.

Affirmed.

McGREGOR, P. J., and BURNS, J., concurred.

---

[4] See Const 1963, art 1, § 20.—REPORTER.