**UNITED STATES of America ex rel. George T. GALLAGHER**

v.

**Joseph R. BRIERLEY, Superintendent.**

**Misc. No. 3683.**

United States District Court
E. D. Pennsylvania.

July 8, 1968.

Paul E. Shapiro, Philadelphia, Pa., court-appointed, for relator.

Arlen Specter, Dist. Atty., Welsh S. White, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Relator is currently serving a life term imposed on November 17, 1947, arising from a first degree murder conviction. He now, having exhausted his state remedies, attacks the validity of this conviction by federal habeas corpus.

He alleges three grounds in support of his petition.

1. That his confession was involuntary and therefore its introduction into evidence at trial denied him due process of law.

2. That he received ineffective assistance of counsel.

3. That he was denied his right to appeal.

Because of the nature of the state proceedings, we held a hearing and appointed counsel. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

## Involuntary Confession

Relator at 4:30 a. m. on May 4, 1967 mortally wounded his wife while they were embroiled in a dispute over another man. Immediately thereafter, relator contacted his neighbor, informed him of the occurrence and requested that he call the police.

The police arrived shortly thereafter and removed the relator's wife to Graduate Hospital where she was pronounced dead on arrival. Relator was taken to the station house at 12th and Pine Streets in Philadelphia.

Relator's claim is that he was continually questioned from the time he was taken into custody until approximately 8:00 p. m. at which time he confessed. During this period he was denied food and sleep and was subjected to constant "poking" by the police.

Moreover, relator also testified that before his arrest he had not been to sleep for about twenty-eight hours and had consumed close to two bottles of whiskey.

The gist of the police testimony is that relator was allowed to go to sleep when they arrived at the station house and then, at about 1:15, after sleeping for a few hours, he signed a statement.

The question here, as in all cases where this issue is raised, is whether the confession was a product of relator's free will. And, of course, the task before us really presents a question of the credibility of the witnesses.

 It is clear that relator has the burden of proving that his confession was involuntary, and we do not think that he has sustained his burden.

In the first place, relator's testimony was internally inconsistent, uncertain, and to us, appeared motivated by a desire to say what seemed most helpful at the time. We consider it at best unreliable.

The evidence does show that relator when he asked the neighbor to call the police told him that he had shot his wife. Furthermore, there is testimony by relator that he also told this to the arresting officer.

Surely relator at that time was not disposed to deny his part in the shooting. In fact, he stated that he wanted to tell them (the police) how it happened in order to exonerate himself since his story was that it was just an accident. And the statement which he asserts was coerced supports his claim that the shooting was accidental.

From all of this we are impelled to conclude that the statement was in no way coerced. It would appear inconsistent for relator to say the statement was coerced when the statement contained only facts which relator claims he wanted the police to be apprised of. We could better understand relator's claim if the tenor of the statement deviated from relator's version of the events.

The impression of the facts that we receive is that relator was quite willing to tell his story and that the police, knowing this, allowed him to sleep for a while and then took a statement,—the statement being made quite willingly by relator.

In light of the above and since the absence of "warnings" in 1947 is only a circumstance and does not automatically invalidate a confession, Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966), we hold that its introduction into evidence did not deprive relator of due process of law.

## Ineffective Assistance of Counsel

 Relator next asserts that he did not receive "effective assistance of counsel." In support of this he points to several instances which he feels lend support to his claim. We disagree.

Relator was represented by two competent attorneys at his trial. Before trial they visited him on four separate occasions and spent a total of about one hour and forty-five minutes with him. Relator claims this is clearly an insufficient period of time to have pre-

pared his case adequately and that this alone makes out his claim of ineffective assistance of counsel.

Clearly this is not a case where counsel was appointed just before trial and yet even those cases do not establish a *per se* rule of ineffectiveness. See United States ex rel. Huntt v. Russell, 285 F.Supp 765 (E.D.Pa., May 23, 1968), and cases cited therein. Thus, the time factor, standing alone, does not make out relator's claim. Nor is there any claim that relator's case would have been any different if his counsel had spent more time with him before trial.

Relator next points out that trial counsel never requested the charge that if relator were intoxicated this might reduce the degree of culpability to second degree murder.

We think that this omission, if it was an oversight as opposed to a strategic move, does not rise to constitutional proportions. This is especially so, since evidence of intoxication was brought out at trial and the fair import of the trial judge's charge with respect to the difference between first and second degree murder implicitly embraced the possible effect of intoxication.

Relator's remaining contentions with respect to the ineffective assistance of his counsel are equally without merit.

A certificate of probable cause is denied.

*Denial of Right to Appeal*

The District Attorney has conceded that the relator has been denied this right.

The Court is indebted to Paul E. Shapiro, Esquire, for his gratuitous, thoughtful and forceful representation of relator.

### ORDER

And now, this 8th day of July 1968, the writ of habeas corpus is granted unless relator is permitted to file post-trial motions within forty-five (45) days from the date hereof.

And it is so ordered.