PEOPLE *v.* VAUGHN

PEOPLE *v.* JONES

PEOPLE *v.* WATKINS

1. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—LATE INDORSEMENT—DISCRETION.

The trial court has very wide discretion in deciding whether to allow the people to make late indorsements of *res gestae* witnesses; the trial court's discretion is even wider where the identity of the witnesses is known to both the defendant and the people, because no surprise can be shown.

2. INDICTMENT AND INFORMATION — RES GESTAE WITNESSES — INDORSEMENT — UNINDORSED WITNESSES.

Denying defendants' motion for a mistrial made on the ground that the prosecutor had not indorsed the names of all known *res gestae* witnesses, was not an abuse of discretion where the names of the witnesses were known to the defendants as early as the preliminary examination.

3. INDICTMENT AND INFORMATION — RES GESTAE WITNESSES — INDORSEMENT — LATE INDORSEMENT.

Denying defendants' motion for a mistrial, made on the ground that the prosecutor indorsed the names of additional *res gestae*

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 41 Am Jur 2d, Indictments and Informations §§ 55, 56.
[4] 21 Am Jur 2d, Criminal Law §§ 222, 309-317.
[5] 21 Am Jur 2d, Criminal Law §§ 136, 137.

witnesses at trial was not an abuse of discretion where the defendants were allowed time to confer with the witnesses before the witnesses testified and where the names of the witnesses were known by the defendants as early as the preliminary examination.

4. CRIMINAL LAW — ADEQUATE COUNSEL — PREPARATION — CONFERENCES.

The number of hours an attorney spent conferring with his client defendant and other witnesses is not in itself sufficient to raise the issue of the inadequacy of counsel.

5. CRIMINAL LAW—DEFENSES—ALIBI—NOTICE.

Denying defendant's motion to admit alibi testimony was proper even though the trial court indicated in its opinion that the motion came too late as a matter of law where the motion to admit was made after the swearing of the jury and prior to the taking of proofs, defense counsel was present at preliminary examination where the matter of alibi could have been discussed, and defense counsel stated that the theory of alibi was discussed several times during counsel's representation of the defendant, but that the defense of alibi was not decided upon until the day of trial (MCLA § 768.20).

Appeal from Genesee Ollie B. Bivins, Jr., J. Submitted Division 2 March 2, 1971, at Grand Rapids. (Docket Nos. 8938, 8975, and 9047.) Decided March 24, 1971.

Tommy Vaughn, Willie Judge Jones, and Henry Watkins were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*W. Schuyler Seymour, Jr.,* for defendant Vaughn on appeal.

*Jeffrey A. Chimovitz,* for defendant Jones on appeal.

*John T. Connolly,* for defendant Watkins on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

HOLBROOK, J.    The basic facts concerning this criminal action are as follows:

At approximately 6:45 a.m. on August 3, 1969, a group of people were congregated at a house at 617 East Baker Street, Flint, Michigan.    At that time, three men entered the dwelling together and mingled with the persons already there, some of whom were shooting dice and some of whom were drinking.    Some 45 minutes later, the trio went into action.    One pointed a shotgun, previously concealed, at the group, another stood by and a third wandered among the victims, picking or emptying their pockets.    The shotgun wielder, in fact, told the wanderer, "That isn't the way to do it.    You're in the line of fire."    The three, after taking over $410, fled from the house.    The police were immediately called by the victims and a complaint was subsequently filed with the Flint police department by Roy Beauregarde, the owner of the house.    Defendants Willie Judge Jones, Henry Watkins, and Tommy Vaughn were arrested in the next few weeks.    All were convicted by a jury of the crime of armed robbery, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28-.797), and sentenced to various terms in prison.

Among those present at the house that morning were four witnesses who were not indorsed on the information, although they were known by nicknames to both the prosecutor and defendants as

early as the preliminary examination. At trial all defendants moved for a mistrial on the basis of the people's failure to indorse the witnesses and their motion was denied. The people then moved to indorse these witnesses; that motion, opposed by defendants, was granted and the additional witnesses were indorsed, subpoenaed, and produced. Before it came time for these witnesses to testify, defendants were allowed a brief period with which to confer with the witnesses regarding their testimony. Surprisingly enough, the testimony of the two witnesses who were actually called was favorable to defendants. All defendants claim reversible error on this issue.

MCLA § 767.40 (Stat Ann 1971 Cum Supp § 28-.980), requires that the prosecutor prior to trial indorse on the information the names of all witnesses known to him at that time who form part of the *res gestae*. It further provides that, "[n]ames of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine".

Pursuant to the above statute, the court has very wide discretion in this matter of late indorsement and such discretion will not be upset unless abuse is clearly shown. This discretion should be and is even wider where the identity of the witness is known to the defendants as well as the prosecutor, and, therefore, no surprise can be shown. *People* v. *Rasmus* (1967), 8 Mich App 239. The law concerning late indorsement has frequently been before this Court, and we have consistently followed the familiar rule stated in *People v. McCrea* (1942), 303 Mich 213, and *People* v. *Davis* (1955), 343 Mich 348, reaffirming that the ultimate question for a reviewing court is whether the trial court abused its discretion and that the burden ordinarily rests on the

party asserting the abuse. Defendants fall far short of sustaining that burden.

The next contention by defendant Vaughn is that his representation by counsel was insufficient. He claims that even though the preliminary examination was rather lengthy and the trial lasted 19 hours with all defense counsel vigorously protecting the rights of all the defendants, his counsel was inadequate under the rule of *People* v. *Higginbotham* (1970), 21 Mich App 489. His claim has even less merit than that of Higginbotham whose claim in this regard was there denied. He claims that inadequate time was spent in preparation of the case as shown by counsel's petition for fees, appended to this defendant's brief. Defendant's attorney was present and represented him throughout all of the proceedings commencing with the preliminary examination. A review of the transcript of the preliminary examination reveals that the defendant was properly represented there. A further review of the record of the trial shows likewise that the defendant was adequately represented. The number of hours alone representing the conferences with the defendant and other witnesses is not sufficient to raise the issue of inadequate representation by counsel. *United States* v. *Brierley* (ED Pa, 1968), 286 F Supp 773. Under the record before us, it can nowise be said that defendant's representation by counsel was so lacking in competence as to require reversal. *People* v. *Hill* (1970), 21 Mich App 178, 180; *People* v. *Davison* (1968), 12 Mich App 429.

After swearing of the jury and just prior to the taking of proofs defendant Jones moved to admit alibi testimony even though he had not given the notice required by MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043). He claimed the court abused its

discretion in denying this motion because the court indicated that *as a matter of law* the motion came too late. This language was unfortunate, at most, and the record shows that the court was correct in denying this motion because the trial judge also indicated on the record that defense counsel was also counsel at the preliminary examination where the matter of alibi could have been discussed. Further, defendant's attorney stated that the question of alibi was discussed several times throughout the period of his representing defendant and prior to trial (as were other theories of defense) but was not decided on until the morning of the actual trial.

Affirmed.

All concurred.