PEOPLE v WILLIAMS

1. CRIMINAL LAW—DEFENDANT'S PHYSICAL APPEARANCE—CLOSING ARGUMENT.

Prosecutor's closing argument, after a robbery victim had testified that the robber had bad front teeth, that the defendant did not show that he did not have bad front teeth, asking whether the jury had noticed whether defendant had shown them his front teeth, and whether any juror had seen him smile, grin, or open his mouth during the trial was not a thinly-veiled comment on defendant's failure to testify but rather a comment on defendant's failure to show, by exhibiting his front teeth, that he could not have been the man described as the one who had perpetrated the robbery.

2. CRIMINAL LAW—EVIDENCE—FAILURE TO PRODUCE—INFERENCES—TEETH.

The inference from the fact that defendant had not displayed his front teeth that they were probably bad was not unreasonable in a trial for robbery in which the victim testified that the robber had bad front teeth.

3. CRIMINAL LAW—PRIVILEGE—SELF-INCRIMINATION—TEETH.

The Fifth Amendment privilege against self-incrimination does not protect an accused person from compulsory disclosure of the appearance of his teeth.

4. CRIMINAL LAW—EVIDENCE—FAILURE TO PRODUCE.

The general rule that the trier of fact may infer from a litigant's failure to produce nonprivileged evidence under his control that the evidence, if produced, would be unfavorable applies to a criminal defendant once the people have presented sufficient evidence to support a conviction.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 356, 368.
[3] 21 Am Jur 2d, Criminal Law §§ 349, 351–353.
[4] 29 Am Jur 2d, Evidence § 178.
[5] 30 Am Jur 2d, Evidence § 1165.
[6] 53 Am Jur, Trial § 476.
[7] 46 Am Jur, Robbery §§ 58–60.

5. CRIMINAL LAW—EVIDENCE—INFERENCES.

Asking the trier of fact to draw a reasonable inference from the evidence, or from the lack of rebutting evidence, does not violate the rule prohibiting a lawyer from assuming in argument a fact not in evidence.

6. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSEMENT.

A defendant's failure to move for the indorsement and production of witnesses whose identity is made known to him before or during the trial precludes him from assigning error on the ground that the prosecution failed to produce them.

7. ROBBERY—INSTRUCTIONS TO JURY—LESSER OFFENSES—ALIBI.

An instruction to the jury only on a charged armed robbery was not error where the defendant's lawyer did not clearly request an instruction on lesser included offenses and said that he would leave it to the discretion of the judge, who had indicated that he thought defendant was not entitled to a lesser-offense instruction in view of the nature of the defense, alibi.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 March 7, 1972, at Detroit. (Docket No. 12398.) Decided July 31, 1972. Leave to appeal denied, 389 Mich 779.

Arthur Williams, Jr., was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *John L. Thompson,* Assistant Prosecuting Attorney, for the people.

*Michael Friedman,* for defendant on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Levin, P. J. The defendant, Arthur Williams, Jr., appeals his conviction by a jury of the offense of armed robbery. MCLA 750.529; MSA 28.797.

The victim of the robbery testified at the trial that the robber had bad front teeth—they were described as "rotten teeth".

The defendant did not take the stand.

The prosecutor was permitted to argue, over the objection of the defendant's lawyer, that the defendant did not show that he did not have bad front teeth: "have you noticed ladies and gentlemen at any time whether or not Mr. Williams has shown to you his front teeth?"; "Throughout this trial, have any of you seen him smile, have you seen him grin, have you in fact seen him open his mouth?"

The trial judge denied the defendant a mistrial. We agree with his ruling.

We do not read the prosecutor's argument as a thinly-veiled comment on the defendant's failure to testify. We take it at face value, as a comment on the defendant's failure to show—by exhibiting his front teeth—that he could not have been the man described by the witness as the man who perpetrated the robbery.

The inference that the prosecutor asked the jurors to draw was a reasonable one. Many reasonable men would conclude that if the defendant's front teeth were not bad, he would have displayed them; since he did not display them, his teeth were probably bad.

Just as the Fifth Amendment right not to be a witness against oneself does not protect an accused person from being compelled to exhibit his countenance[1] or to provide exemplars of his fingerprints,[2]

_____

[1] See *United States v Wade,* 388 US 218, 221; 87 S Ct 1926; 18 L Ed 2d 1149 (1967); *People v Schrader,* 10 Mich App 211, 214 (1968).

[2] See *Pearson v United States,* 389 F2d 684 (CA 5, 1968); *United*

voice[3] or handwriting,[4] so, too, the Fifth Amendment does not shield from compulsory disclosure the state of his teeth.[5]

The general rule that the trier of fact may infer from the failure of a litigant to produce non-privileged evidence under his control that the evidence, if produced, would be unfavorable applies to the defendant in a criminal case, as well as to other litigants, once the people present sufficient evidence to support a conviction.[6]

Asking the trier of fact to draw a reasonable inference from the evidence—including, as in this case, the lack of rebutting evidence—does not violate the rule which prohibits a lawyer from assuming in argument a fact not in evidence.[7]

Nor do we find merit in the defendant's other contentions.

The identity of the witnesses who were not produced by the people at the trial was made known to the defendant during or before the trial. The failure of the defendant's trial lawyer to move

---

*States v De Palma,* 414 F2d 394 (CA 9, 1969); *People v Davis,* 17 Mich App 615 (1969).

[3] See *King v Pinto,* 376 F2d 593 (CA 3, 1967).

[4] See *People v Jamerson,* 14 Mich App 253 (1968). See, generally, Annos, *Physical Examination or Exhibition of, or Tests Upon, Suspect or Accused, as Violating Rights Guaranteed by Federal Constitution— Federal Cases,* 16 L Ed 2d 1332; 22 L Ed 2d 909.

[5] There is no need on the record in this case to consider the possible Fourth Amendment search and seizure limitations on such compulsory disclosures. *Cf. Schmerber v California,* 384 US 757; 86 S Ct 1826; 16 L Ed 2d 908 (1966); *United States v Harris,* 453 F2d 1317 (CA 8, 1972); *Mara v United States,* 454 F2d 580 (CA 7, 1971).

[6] See *People v Hunter,* 218 Mich 525, 528 (1922); *People v Thompson,* 221 Mich 621, 624 (1923).

See, generally, 29 Am Jur 2d, Evidence, § 180, p 224; 1 Wharton's Criminal Evidence (12th ed), § 144, p 268.

[7] See *People v Morlock,* 233 Mich 284, 286 (1925); *People v Hoffman,* 1 Mich App 557, 561 (1965); *People v Badge,* 15 Mich App 29, 32 (1968).

for their indorsement and production precludes an assignment of error on that account.[8]

In this connection, the judge—and this is also apropos of the first issue—instructed the jurors that, if they found that the missing witnesses were *res gestae* or eyewitnesses and that the prosecutor did not satisfactorily explain their nonproduction, they, the jurors, might consider that the missing witnesses might have testified favorably to the defendant had they been produced by the prosecutor. After the judge concluded his instructions he asked the lawyers if they had any objection. The defendant's lawyer responded, "I think you covered it nicely". There was no error.

The defendant's lawyer did not clearly request an instruction on lesser included offenses—specific lesser offenses were not named by the lawyer. Moreover, it is doubtful whether, on the record presented, the defendant was entitled to an instruction on lesser offenses. The judge indicated that he was of the opinion that the defendant was not entitled to such an instruction. The matter was resolved when the defendant's lawyer said, "I will leave it to the discretion of the court". The judge then announced, without objection from the defendant's lawyer, that in view of the nature of the defense—alibi—he would instruct the jury only on the charged offense of armed robbery. This aspect of the case is controlled by the Michigan Supreme Court's recent decision in *People v Wynn,* 386 Mich 627 (1972).

Affirmed.

All concurred.

---

[8] See *People v Rasmus,* 8 Mich App 239 (1967); *People v Printess C. Jackson,* 11 Mich App 727 (1968); *People v Love,* 18 Mich App 228, 231 (1969); *People v May,* 34 Mich App 130 (1971); *People v Fuston Thomas,* 36 Mich App 23 (1971).