PEOPLE v BENNETT

1. Witnesses—Criminal Law—Res Gestae Witnesses—Indorsement
   of Witnesses—Production of Witnesses.

   All res gestae witnesses are to be indorsed on the information
   and produced at trial by the prosecution, as a general rule
   (MCLA 767.40; MSA 28.980).

2. Witnesses—Criminal Law—Res Gestae Witnesses—Production
   of Witnesses—Jury Instructions—Presumptions.

   A defendant is entitled to an instruction that it should be
   presumed that any missing res gestae witnesses would have
   testified favorably to the defendant where the prosecution has
   failed to produce all of the res gestae witnesses; however, it is
   necessary to give this requested instruction only when it would
   be reversible error not to produce the witness.

3. Witnesses—Criminal Law—Res Gestae Witnesses—Indorsement
   of Witnesses—Production of Witnesses—Exceptions.

   The failure of a defendant to move for the indorsement and
   production of res gestae witnesses known to the defendant is an
   exception to the general rule which requires the prosecution to
   indorse on the information and produce at trial all res gestae
   witnesses.

4. Witnesses—Criminal Law—Res Gestae Witnesses—Motion for
   New Trial.

   The issue of nonproduction of res gestae witnesses must be raised
   in a motion for a new trial.

5. Witnesses—Criminal Law—Res Gestae Witnesses—Failure to
   Indorse and Produce—Jury Instructions—Abuse of Discre-
   tion.

   A trial court did not abuse its discretion in denying a defendant's
   request for an instruction on the failure of the prosecution to
   indorse and produce certain prisoners as res gestae witnesses
   where the defendant made no motion to compel the indorse-

References for Points in Headnotes
[1–5] 29 Am Jur 2d, Evidence § 708 *et seq.*
  41 Am Jur 2d, Indictments and Informations §§ 55, 56, 60.

ment of the prisoners, to compel discovery of the prisoners' names, or for a new trial.

Appeal from Oakland, William P. Hampton, J. Submitted November 13, 1976, at Lansing. (Docket No. 23465.) Decided April 6, 1976.

Gregory E. Bennett was convicted of simple assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Cooper, Shifman & Gabe,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendant was charged with felonious assault. MCLA 750.82; MSA 28.277. He was convicted by a jury on February 25, 1975, of the lesser included offense of simple assault. MCLA 750.81; MSA 28.276. Defendant was sentenced to one year's probation, the first 90 days to be served in the county jail. He now appeals as of right.

The incident occurred as the defendant was awaiting processing for an unrelated misdemeanor at the county jail. As part of his processing he was eating in the detention room. The food at the jail is served on metal trays. The victim of the assault, a guard at the jail, was escorting another inmate from one of the holding cells through the detention room when words passed between the defendant and the guard. There is some dispute regarding what exactly was said but as the guard approached the defendant, the defendant admits he

threw coffee in the guard's face. The guard stated that the defendant hit him in the face with the food tray. The defendant admitted striking the guard with his fist but he testified that the guard provoked him. Several witnesses, both officers and prisoners, testified in support of the guard's version of the incident. Others testified favorably to the defendant.

In addition the incident was recorded on video tape. Although the view of the participants was obstructed by a food cart and some other inmates, the tape did show there were other potential witnesses present during the incident. However, at trial officers were unable to identify persons in the tape who were not called at trial. Other testimony revealed that there were prisoners in the holding cells who might have viewed the altercation.

The victim, whose only training was in connection with being a guard, was placed in charge of the investigation. He made no attempt to discover who these potential witnesses were or to determine if they actually saw the fight. Even though defense counsel learned of these potential witnesses before trial, he made no motion to compel their endorsement on the information or disclosure of their names. However, he did request the trial court to instruct the jury that they could infer by the absence of such witnesses that their testimony would have been detrimental to the prosecutor's case. This instruction was refused, but the trial court did not state its reasons for the refusal. The trial court's refusal of this instruction constitutes defendant's sole issue on appeal.

As a general rule, the prosecution is required to endorse on the information and to produce at trial all res gestae witnesses. MCLA 767.40; MSA 28.980, *People v Keywell,* 256 Mich 139, 141; 239

NW 288 (1931), *People v Harrison,* 44 Mich App 578, 585; 205 NW2d 900 (1973). If the prosecution does not produce all the res gestae witnesses, the defendant is entitled to an instruction that it should be presumed that the missing res gestae witnesses would have testified favorably to the defendant. *People v Gibson,* 253 Mich 476, 478; 235 NW 225 (1931), *People v Simpson,* 57 Mich App 320, 322, 324–325; 225 NW2d 748 (1975). Such an instruction can alleviate any possible prejudice suffered by the defendant by the failure of the prosecution to call all res gestae witnesses. *People v Gordon,* 60 Mich App 412, 417; 231 NW2d 409 (1975).

While in case of doubt it is better to err on the side of granting such requests, the threshold question we must answer is when is it an abuse of discretion to deny the defendant the opportunity to have such an instruction given. After reviewing the policy behind the requested instruction, we hold that it is only necessary to give it when it would be reversible error not to produce the witness.

While it has long been required that all *res gestae* witnesses be endorsed on the information and produced at trial, numerous exceptions have grown up over the years. *People v Koehler,* 54 Mich App 624, 637–638; 221 NW2d 398 (1974), *People v Bennett,* 46 Mich App 598, 619–620; 208 NW2d 624 (1973), *rev'd on other grounds,* 393 Mich 445; 224 NW2d 840 (1975). One of the exceptions, the failure of the defendant to move for endorsement and production of a witness known to him, is applicable in this case. *People v Bartlett,* 312 Mich 648, 655; 20 NW2d 758 (1945), *People v Williams,* 42 Mich App 278, 281–282; 201 NW2d 286 (1972), *People v Rasmus,* 8 Mich App 239, 243;

154 NW2d 590 (1967). There are two reasons for this exception to the res gestae rule. First, it places the prosecutor on notice that the defendant knows of other persons that may be possible res gestae witnesses. It also gives that prosecutor an opportunity to correct his mistake by presenting the "newly discovered" witness for examination at trial. Second, the defendant's request for endorsement and production gives the trial court an opportunity to make a ruling on whether the witness is indeed a res gestae witness. Accord, *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

The continuing validity of this exception to the res gestae rule has been questioned in light of the decision in *People v Robinson, supra. People v Gordon, supra* at 415, *People v Buero,* 59 Mich App 670, 675–677; 229 NW2d 880 (1975). However, *People v Robinson, supra,* does not question the reasoning behind the exception, it only changes the time that the issue must be raised. See *People v Coppernol,* 59 Mich App 745, 753; 229 NW2d 913 (1975). The clear holding of *People v Robinson, supra,* is that the issue of nonproduction of res gestae witnesses must be raised in a motion for a new trial. *People v Robinson, supra* at 634, *People v Baines,* 68 Mich App 385; 242 NW2d 784 (1976), *People v Van Riper,* 65 Mich App 230; 237 NW2d 262 (1975).

The same reasoning applies when the alleged error is the failure to give an instruction concerning the failure of the prosecution to produce a res gestae witness. While the trial court did have an opportunity to decide whether or not the missing witnesses are res gestae witnesses, it did not have the opportunity for post-trial reflection as suggested in *People v Robinson, supra.* Furthermore, the prosecution was denied an opportunity to cor-

rect its mistake by producing the alleged res gestae witnesses for a hearing. Since in this case no motion was made to compel the endorsement of the prisoners; to compel discovery of the prisoners' names; or for a new trial, we conclude that the trial court did not abuse its discretion in denying defendant's request for an instruction on the failure of the prosecution to endorse and produce the prisoners.

Affirmed.