PEOPLE v HORACE WILLIAMS

Opinion of the Court

1. Appeal and Error—Witnesses—Criminal Law—Indorsement of
   Witnesses—Production of Witnesses—New Trial.

   A defendant's failure to enter a motion in the trial court for the
   indorsement and production of alleged res gestae witnesses
   where the existence and identity of the witnesses was known to
   the defendant at the time of trial and the subsequent failure of
   the defendant to move for a new trial on the issue of the
   nonproduction of alleged res gestae witnesses precludes the
   defendant from raising on appeal the issue of the prosecution's
   failure to indorse and produce the witnesses.

Dissent by Bashara, J.

2. Appeal and Error—Witnesses—Criminal Law—Res Gestae Wit-
   nesses—Indorsement of Witnesses—Production of Wit-
   nesses—New Trial—Case Precedent.

   *As a general rule appellate review of the issue of the prosecu-
   tion's failure to indorse and produce alleged res gestae wit-
   nesses is precluded where the defendant fails to object in the
   trial court to the nonindorsement and nonproduction of the
   witnesses and the defendant also fails to move for a new trial
   based upon a failure to produce res gestae witnesses; however,
   a defendant who after filing a claim of appeal desires to raise
   the issue of the nonproduction of res gestae witnesses, which
   was not raised in the trial court, should not be precluded from
   bringing a motion in the trial court for a new trial where that
   motion is made prior to the time that his brief on appeal is
   filed.*

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence § 180.
   58 Am Jur 2d, New Trial §§ 40, 41.
[2, 4, 5] 58 Am Jur 2d, New Trial §§ 40, 41.
[3] 20 Am Jur 2d, Courts §§ 98, 99.
[6, 7] 21 Am Jur 2d, Criminal Law § 303.

3. COURTS—JURISDICTION—COURT OF APPEALS—CLAIM OF APPEAL—
   COURT RULES.

   Jurisdiction vests in the Court of Appeals upon the filing of a
   claim of appeal with the Court of Appeals (GCR 1963, 802.1).

4. APPEAL AND ERROR—CRIMINAL LAW—WITNESSES—NEW TRIAL—IN-
   DORSEMENT OF WITNESSES—PROSECUTION OF WITNESSES—HEAR-
   ING.

   A defendant desiring reversal of conviction or a new trial because
   of a failure to produce an unindorsed or an indorsed witness
   shall, before filing his brief on appeal, move the trial court for
   a new trial; the prosecutor shall produce or explain why he
   cannot produce the witness or, as the case may be, why he did
   not indorse and produce him at the trial; if the witness is
   produced at the hearing, he shall be examined regarding his
   knowledge of the crime and, if a new trial be denied, the judge
   shall state his reasons.

5. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   OF WITNESSES—PRODUCTION OF WITNESSES—EXCEPTIONS.

   Exceptions to the requirement that res gestae witnesses be in-
   dorsed and produced include: (1) where the prosecution has
   made a showing of due diligence in attempting to produce the
   witness, (2) where the testimony of the witness would be merely
   cumulative, and (3) where the witness was a participant in the
   crime.

6. CRIMINAL LAW—PRESENTENCE REPORT—CONTENTS—JUDGES—DIS-
   CRETION—PREJUDICE—EVIDENTIARY HEARING—COURT RULES.

   A trial judge is granted the discretion by court rule to consider
   and weigh the contents of the presentence report, both objec-
   tive and subjective, and to choose the means of ascertaining,
   when an objection is raised, that the defendant is not preju-
   diced in sentencing by false information; he is not compelled to
   hold an evidentiary hearing, but, in the exercise of his discre-
   tion, he may do so (GCR 1963, 785.12).

7. APPEAL AND ERROR—PRESENTENCE REPORT—JUDGES—DISCRETION—
   FAILURE TO TO EXERCISE—FALSE INFORMATION—PREJUDICE.

   Failure of a trial judge to respond to a defense claim that the
   presentence report contains false information constitutes abdi-
   cation of his discretion; failure to exercise discretion to ascer-
   tain that the defendant is not prejudiced by false information is
   error requiring resentencing.

Appeal from Berrien, William S. White, J. Submitted April 13, 1977, at Grand Rapids. (Docket No. 24440.) Decided August 22, 1977. Leave to appeal applied for.

Horace L. Williams was convicted of five counts of larceny by conversion. Defendant appeals. Affirmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant.

Before: D. E. HOLBROOK P. J., and BASHARA and R. E. A. BOYLE,* JJ.

D. E. HOLBROOK, P. J. We concur in the factual findings contained in the dissenting opinion. However we find no "dilemma" with respect to raising the issue of production of res gestae witnesses. Appellate counsel was appointed on April 9, 1975, and had 60 days in which to either file a motion for new trial on the res gestae witness issue or file a claim of appeal, GCR 1963, 803.1. Claim of appeal was filed on June 9, 1975. Neither defendant nor the dissent cite any reason as to why a motion for new trial could not have been filed within that time. Defendant did finally file a motion for remand on September 26, 1975, however, this motion was too late to preserve the issue. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

Furthermore, we are convinced that another

---

* Circuit judge, sitting on the Court of Appeals by assignment.

reason bars appellate review. Defendant could, and should, have raised this issue at trial. Defendant contends that all of the people who attended the fashion show were res gestae witnesses. We agree with the dissent that resolution of this issue is not ripe for appellate review. However, defendant knew who these people were and failed to move for their production. Defendant selectively produced several of these people as defense witnesses. Defendant did not move for the indorsement of any additional witnesses. It appears that defendant had lists of people who had purchased tickets, modeled in the show and engaged in various activities connected with the show. Failure to move for indorsement and production of these known witnesses should bar the claim on appeal. *People v Bennett,* 68 Mich App 446; 243 NW2d 15 (1976), *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976). The defendant should have moved for their production and we cannot help but conclude that failure to so move was a matter of trial strategy. In addition, the dissent allows defendant to raise his own error on appeal. Defendant has gambled and lost. At trial selective production by the defense of several of these witnesses did not result in a favorable verdict for defendant. Now, defendant desires to try the other alternative, production of everyone connected with the show. Defendant's failure to properly pursue this issue especially when it does not appear likely that these people were in fact res gestae witnesses should preclude appellate review of this issue.

Defendant's failure to move at trial for production of these witnesses and his later failure to move for a new trial precludes him from raising this issue.

We remand for resentencing as explained in the

dissenting opinion. *People v McIntosh,* 62 Mich
App 422; 234 NW2d 157 (1975).

Affirmed, except for remand for resentencing.

R. E. A. Boyle, J., concurred.

Bashara, J. *(dissenting).* Defendant Horace Lee
Williams was convicted by a bench trial of five
counts of larceny by conversion, MCLA 750.362;
MSA 28.594, and appeals.

Defendant was the organizer of a fashion show
to be held at a local motel. To obtain clothes to be
modeled at the show, defendant persuaded various
local merchants to lend him the clothing. The five
complainants testified that defendant picked up
the clothing and promised to return all of it on the
first business day after the show.

The clothes were apparently used during the
show. Although the evidence was conflicting, all of
the witnesses generally agreed that the show was
a financial and organizational failure.

Defendant testified in his own behalf that a
number of the models and patrons of the show
stole some of the borrowed clothes. He maintained
that he panicked when considering the serious
financial problems facing him in the aftermath of
the show, causing him to flee the state in an
alleged attempt to earn enough money to repay
the show's debts. He did admit taking some of the
borrowed clothes with him when he left the motel,
but denied any intention to steal the clothes with-
out reimbursement. None of the borrowed clothing
was ever returned to the complainants by defend-
ant.

Defendant argues that the prosecution failed to
call a large number of res gestae witnesses,
namely all of the people known to have attended

the fashion show.[1] The prosecution's case-in-chief consisted solely of the testimony of the complainants, who related the borrowing arrangements and defendant's failure to return the clothes, and testimony of police officers relating to defendant's arrest, some months after the incident. The prosecution responds that the crime was committed when defendant failed to return the clothing on time, not when defendant left the fashion show with some of the clothes.

Defendant's trial attorney did not object to the failure of the prosecution to call these witnesses, and did not request their production. Instead, a number of people who attended the show were called as defense witnesses.[2]

There has been no motion for a new trial made in the trial court based upon a failure to produce res gestae witnesses. Under *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), the absence of a motion in the trial court would normally preclude appellate review where, as here, no mention of the issue was made at trial. In the present case review should not be considered as waived. The procedural posture of the case requires this Court to discuss a dilemma which conceivably may be a recurring problem in satisfying the *Robinson* requirement.

---

[1] The prosecution is required to indorse and produce all known res gestae witnesses. MCLA 767.40; MSA 28.980, *People v Bennett,* 68 Mich App 446; 243 NW2d 15 (1976), *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973).

[2] The fact that defendant called as witnesses some people who were present at the show does not excuse any omission on the part of the prosecution to call res gestae witnesses. One of the purposes of the res gestae rule is to allow the defendant to cross-examine and attempt to impeach implicating testimony. While the defense witnesses here did in a sense corroborate defendant's testimony, under cross-examination they gave damaging testimony concerning defendant's flight from the show. Defendant would have been able to question this testimony's credibility had the witnesses been called by the prosecution.

Defendant was convicted on June 21, 1974, and sentenced on February 27, 1975. Appellate counsel was appointed on April 9, 1975. In order to preserve defendant's right of appeal the claim of appeal was filed on June 9, 1975, exactly 60 days after appointment of counsel. See GCR 1963, 803.1. Upon filing of the claim of appeal jurisdiction of the case vested in this Court. GCR 1963, 802.1.

On September 26, 1975, defendant's appellate counsel, who was not his trial counsel, moved in this Court for a remand to the trial court for the purpose of bringing a motion for new trial to satisfy the *Robinson* requirement. In an order dated November 12, 1975, the motion for remand was denied. On August 13, 1976, defendant filed his brief on appeal, including the res gestae witness issue.

In *Robinson, supra,* the Michigan Supreme Court stated:

"In appeals filed after this opinion is published, a defendant desiring reversal or a new trial because of a failure to produce an unindorsed or an indorsed witness *shall, before filing his brief on appeal, move the trial court for a new trial.* The prosecutor shall produce or explain why he cannot produce the witness or, as the case may be, why he did not indorse and produce him at the trial. If the witness is produced at the hearing, he shall be examined regarding his knowledge of the crime. If a new trial be denied, the judge shall state his reasons." (Emphasis added.) 390 Mich at 634.

In the present case defendant's appellate counsel, upon discovery of the possible res gestae witness issue, properly moved in the court having jurisdiction for a remand so that a *Robinson* hearing could be held. Only after the remand was denied did counsel file the appellate brief. To now hold that appellate review is denied because no

motion for new trial had been brought in the trial court would be to trap defendant in a jurisdictional dilemma from which he was denied escape.

Turning to the merits of the res gestae witness issue, I find that the proper remedy is to remand for a trial court determination of whether events at the fashion show were part of the res gestae of the offense. If those events transpiring at the show are found to be part of the res gestae, the trial court must then question the prosecution as to why witnesses present at the show were not produced. The mandates of *People v Robinson, supra,*[3] should be followed. See also the proposed amendments to GCR 1963, 817.[4]

One other issue remains for determination. At sentencing defendant challenged the accuracy of several statements in the presentence report. See GCR 1963, 785.12. The trial court did not respond to all of the allegations of error in the report. In *People v McIntosh,* 62 Mich App 422, 446–448; 234 NW2d 157 (1975), this Court stated:

"How is the trial judge to proceed when faced with a defense claim of inaccuracies in the presentence report?

\*     \*     \*

"The court, in response, merely denied the defense requests without comment and imposed sentence. No indication was given as to what factors were the basis for the sentence and, thus, whether the disputed points were considered and, if so, what weight was given to them.

\*     \*     \*

---

[3] Exceptions to the requirement that res gestae witnesses be indorsed and produced include: (1) where the prosecution has made a showing of due diligence in attempting to produce the witness; (2) where the testimony of the witness would be merely cumulative; (3) where the witness was a participant in crime. *See People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975).

[4] *See* May, 1977, issue of the Michigan State Bar Journal, p 356.

"GCR 1963, 785.12, leaves to the trial judge not only discretion to consider and weigh the contents of the presentence report, objective and subjective, but also discretion as to the means of implementing the due process duty of ascertaining, when the objection is raised, that the defendant is not prejudiced in sentencing by false information. *United States v Sanders,* 438 F2d 344 (CA 5, 1971). While not compelled to hold an evidentiary hearing, in the exercise of his discretion, he may do so. He may accept unsworn statements of the defendant. He may ascertain that the disputed matter is not relevant to his decision, or is of little weight, or could be safely disregarded without regard to its accuracy in light of other facts. There are many ways, in the exercise of his discretion, that he may meet the problem.

"Here, unfortunately, the trial judge simply did not respond to the defense claim in any way and thus abdicated his discretion. The failure to exercise discretion, when called upon to do so, is error."

The failure of the trial court to exercise his discretion in regards to defendant's allegations of inaccuracies requires, as in *McIntosh, supra,* that defendant be resentenced.

I would remand the matter to the trial court for a *Robinson* hearing. Defendant should be resentenced under the mandates of *People v McIntosh, supra.*