PEOPLE v McINTOSH

Docket No. 57321. Argued January 4, 1977 (Calendar No. 3).—Decided
May 2, 1977.

Samuel D. McIntosh was charged with murder and convicted of
manslaughter by a jury in Recorder's Court of Detroit, John P.
O'Brien, J. The prosecution's theory of the case was that the
defendant struck and killed the decedent with a wine bottle.
The judge instructed the jury on manslaughter based on this
theory. The defendant's theory was that he accidentally ran
into and killed the decedent with an automobile. The trial
court refused the defendant's request to instruct the jury on
"manslaughter with a motor vehicle" and negligent homicide.
The Court of Appeals, J. H. Gillis, P. J., and V. J. Brennan and
Peterson, JJ., affirmed the conviction (Docket No. 17295). De-
fendant appeals. *Held:*

1. Manslaughter committed with a motor vehicle is not
separately defined as a crime by the common law or by statute.
There is only the general crime of manslaughter which may, of
course, be committed with a motor vehicle.

2. The trial court should have instructed the jury on the
crime of manslaughter based on the defendant's theory that
death was caused by an automobile ("manslaughter with a
motor vehicle"). There was evidence to support a conviction of
this crime on this theory and a proper request was made.

3. Negligent homicide is a statutory crime defined as the
careless, reckless or negligent operation of a motor vehicle
resulting in the death of a human being. The Legislature has
affirmatively linked negligent homicide and manslaughter com-
mitted in the operation of a motor vehicle together by statute.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 274, 278 *et
seq.,* 290–293.
[2] 75 Am Jur 2d, Trial §§ 643, 718.
[3] What amounts to negligence within meaning of statutes penalizing
negligent homicide by operator of a motor vehicle. 20 ALR3d 473.
[4] 40 Am Jur 2d, Homicide § 525.
[5] 81 Am Jur 2d, Witnesses §§ 472, 475, 507.
[6] 47 Am Jur 2d, Jury § 195 *et seq.*

4. Manslaughter committed with a motor vehicle need not be formally pled in an information charging murder in order for the jury to consider negligent homicide as a possible included offense. When the jury is permitted or should be permitted, to consider manslaughter with a motor vehicle, it should also be permitted to consider negligent homicide. The failure to permit the jury in this case to consider negligent homicide requires reversal of the defendant's conviction.

5. Refusing to allow defense counsel to ask a prosecution witness where she lived was not an abuse of the trial court's discretion where this information was available from other sources, such as police reports, and the witness had been threatened with bodily harm by spectators present in the courtroom.

6. Defendants have no constitutional or statutory right to see jury dossiers compiled by the prosecutor from public records. If policy considerations dictate that defendants should be allowed to see these dossiers, a court rule should be adopted to require it. Until then, the prosecutor need not share this information with the defense, as long as it is reasonably available to the defense from other sources.

Reversed in part, affirmed in part, and remanded for a new trial.

62 Mich App 422; 234 NW2d 157 (1975) reversed.

347 Mich 347; 79 NW2d 873 (1956) overruled.

1. HOMICIDE—MANSLAUGHTER—MOTOR VEHICLES.

The crime of manslaughter may be committed with a motor vehicle, but there is no separate statutory or common-law crime of manslaughter with a motor vehicle (MCL 750.321; MSA 28.553).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—OFFENSES—COMPETING THEORIES.

The trial judge must instruct the jury on an offense according to both the prosecution's and the defense's theory of the case when there is evidence supporting both theories and proper requests are made.

3. HOMICIDE—NEGLIGENT HOMICIDE—MANSLAUGHTER—MOTOR VEHICLES.

Negligent homicide is a statutory crime defined as the careless, reckless or negligent operation of a motor vehicle resulting in the death of a human being; the Legislature has affirmatively linked negligent homicide and manslaughter committed in the

operation of a motor vehicle together by statute (MCL 750.324, 750.325; MSA 28.556, 28.557).

4. HOMICIDE—MURDER—MANSLAUGHTER—NEGLIGENT HOMICIDE—
LESSER INCLUDED OFFENSES—INDICTMENT AND INFORMATION.

When the jury in a murder trial should be permitted to consider manslaughter with a motor vehicle as a possible lesser offense, it should also be permitted to consider negligent homicide, regardless of whether either of these crimes was formally pled in the information; the failure to instruct on negligent homicide is reversible error (MCL 750.321, 750.324, 750.325; MSA 28.553, 28.556, 28.557).

5. CRIMINAL LAW—WITNESSES—TRIAL.

The trial judge did not abuse his discretion by refusing to allow defense counsel to ask a witness for the prosecution her home address where the information was available from other sources, such as police reports, and the witness had been threatened with bodily harm by spectators present in the courtroom.

6. CRIMINAL LAW—DISCOVERY—JURY—PROSECUTOR'S DOSSIER.

A defendant has no constitutional or statutory right to discovery of jury dossiers compiled by the prosecutor from public records, so long as the information in the dossiers is reasonably available to the defense from sources other than the prosecutor.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training & Appeals, and *Charles P. Kellett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba* for defendant.

COLEMAN, J. Of the many questions raised in this appeal, two are of primary importance. The first is whether the trial judge must instruct the jury on the crime of manslaughter, according to both the prosecution and defense theories of the case, when there is evidence to support both theories and proper requests are made. The Court of

Appeals did not reach this question. Our answer is yes. The second question is whether manslaughter committed with a motor vehicle must be formally pled in the information in order for the jury to consider negligent homicide as a possible lesser offense. The Court of Appeals answered yes, relying on *People v Jordan,* 347 Mich 347; 79 NW2d 873 (1956). *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975). Our answer is no. We respectfully believe *Jordan* was incorrectly decided and should be overruled.[1]

I

The information against the defendant formally pled the crime of murder in the general language of the statute. MCLA 750.316; MSA 28.548.

The evidence presented at the defendant's trial indicated that the decedent, Mr. Turner, went to the rescue of a young woman who was in the defendant's automobile and appeared to be in some distress. Turner and the defendant began a fight outside the car, and, according to the prosecution's evidence, the defendant struck and killed Turner with a wine bottle. However, according to the defense's evidence, defendant did not strike Turner with a bottle. Instead, the defense's evidence suggested that after pushing Turner to the ground, the defendant quickly reentered the car and tried to leave. In his haste, he mistakenly threw the gearshift lever into forward instead of reverse.[2] Turner was in front of the car. When the

---

[1] Although the briefs in this appeal discussed, inter alia, the case of *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), that case does not apply to the questions raised in this appeal.

[2] There was testimony from a mechanic that the gear selector indicator on the defendant's car was missing from the car and in the repair shop when this incident occurred.

defendant stepped on the gas, the car shot forward striking and killing Mr. Turner.

The judge instructed the jury on manslaughter based on the prosecution's theory that the defendant killed Mr. Turner with a bottle. The judge denied a defense request to instruct the jury on manslaughter based on the defense's theory that the defendant struck and killed Mr. Turner with the car.[3] The judge also denied a defense request to instruct the jury on negligent homicide.

The jury convicted the defendant of manslaughter.

## II

Manslaughter committed with a motor vehicle is not separately defined as a crime by the common law or by statute. There is only the general crime of manslaughter (MCLA 750.321; MSA 28.553) which may, of course, be committed with a motor vehicle.

The judge should have instructed the jury on the crime of manslaughter based on the theory that death was caused by an automobile. There was evidence to support a conviction for this crime on this theory and a proper request was made. See *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). The judge is not free to choose which of two competing theories the jury may consider. *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889). If the judge instructs on manslaughter according to the prosecution's theory of the case, then the judge must also instruct on manslaughter according to

---

[3] The exact request was for an instruction on "manslaughter with a motor vehicle". Contrary to the Court of Appeals opinion in this case, there was no request for an instruction on "involuntary manslaughter".

the defense's theory, and let the jury decide which theory to believe.

Negligent homicide is a statutory crime defined as the careless, reckless or negligent operation of a motor vehicle resulting in the death of a human being. MCLA 750.324; MSA 28.556. The Legislature has affirmatively linked negligent homicide and manslaughter committed with a motor vehicle together in MCLA 750.325; MSA 28.557, which says:

"The crime of negligent homicide shall be deemed to be included within every crime of manslaughter charged to have been committed in the operation of any vehicle, and in any case where a defendant is charged with manslaughter committed in the operation of any vehicle, if the jury shall find the defendant not guilty of the crime of manslaughter, it may render a verdict of guilty of negligent homicide."

In *People v Jordan,* the Court interpreted this statute narrowly. The Court said the word "charged" meant formally pled in the information. Since the information against the defendant in *Jordan* only pled murder, the Court said she had no right to an instruction on negligent homicide, even though the jury in her case properly had been permitted to consider manslaughter committed with a motor vehicle as a possible lesser offense, and had, in fact, convicted her of that crime.

This is an anomalous result, and the interpretation of the statute in this manner breaks the link between the two crimes for no apparent reason. Understandable confusion has followed the decision.

The *Jordan* interpretation also ignores an important fact. If the information against a defendant pleads the crime of murder, then the defend-

ant must be prepared to defend against the crime of manslaughter as well, because that may be a lesser included offense of murder where the evidence so warrants. As a practical matter, such a defendant is "charged" with manslaughter whether that crime is formally pled in the information or not.

Most importantly, the *Jordan* interpretation runs counter to the purpose for which the statute was enacted. The purpose of the statute was to expand the range of cases in which the jury could consider negligent homicide as a possible lesser offense.[4] The *Jordan* interpretation does exactly the opposite. It narrows the range of cases in which negligent homicide may be considered.

We believe the better view is that manslaughter committed with a motor vehicle does not have to be formally pled in an information charging murder in order for the jury to consider negligent homicide as a possible lesser offense. Prospectively from the date of this decision, if the jurors are or should be permitted to consider manslaughter committed with a motor vehicle, then, pursuant to MCLA 750.325; MSA 28.557, they also should be permitted to consider negligent homicide. This view preserves the legislative link between the two crimes, does not conflict with practical considerations and promotes, rather than hinders, the purpose for which the statute was enacted.

Because the jurors in this case should have been instructed on manslaughter committed with a motor vehicle, they should also have been instructed, pursuant to MCLA 750.325; MSA 28.557, on negli-

---

[4] Expansion was necessary because many jurors were unwilling to convict a defendant of the serious crime of manslaughter for a traffic-related fatality—the feeling being "there but for the grace of God go I". A less serious option was required. *See* Perkins on Criminal Law (2d ed), pp 79–80.

gent homicide. The failure to do so requires reversal of the defendant's conviction and a remand for a new trial.

## III

Of the other questions raised in this appeal, only two are likely to recur in a new trial. We will address them briefly.

The defendant contends the judge committed reversible error by refusing to allow defense counsel to ask a key prosecution witness where she lived. This information was available from other sources, such as the police reports in the prosecutor's file. This witness had been threatened with bodily harm by some of the spectators in the courtroom. Under these circumstances, we do not believe the judge abused his discretion by refusing to allow defense counsel to ask this question.

The defendant also contends the judge committed reversible error when he refused to allow defense counsel to see the prosecutor's dossier on the jury panel. The information in the dossier was available from public records.

In *People v Aldridge,* 47 Mich App 639; 209 NW2d 796 (1973), the Court said that defendants have a right to see the prosecutor's dossier on prospective jurors. In *People v Stinson,* 58 Mich App 243; 227 NW2d 303 (1975), the Court rejected *Aldridge* and said that the question should be resolved by a court rule. The Court of Appeals panel in the instant case agreed with *Stinson* and we concur.

Defendants have no constitutional or statutory right to see jury dossiers compiled by the prosecutor from public records. If policy considerations dictate that defendants should be allowed to see

these dossiers, then a court rule should be proposed, considered and adopted in the usual manner. Until then, the prosecutor need not share this information with the defense, so long as it is reasonably available to the defense from other sources.

Reverse in part, affirm in part. Remand for new trial consistent with this opinion.

KAVANAGH, C. J., and FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with COLEMAN, J.

LEVIN, J., concurred except as to Part III.

WILLIAMS, J., concurred in the result.