PEOPLE v PEREZ

Docket No. 43394. Submitted November 7, 1979, at Lansing.—Decided January 9, 1980.

Fernando Perez was convicted, on his plea of guilty, of delivery of heroin, Bay Circuit Court, John X. Theiler, J. At the sentencing hearing, defendant denied allegations that he was a major heroin dealer and that he had been engaged in dealing in heroin for some time, said allegations appearing in a letter from the prosecutor's office which was in the court file and in the presentence report. The trial judge, while indicating that he felt it necessary to impose a serious penalty because of the seriousness of the charge, did not indicate what weight, if any, he gave in his determination of the sentence to the allegations of defendant's greater involvement in heroin dealings. Defendant was sentenced to 3 to 20 years in prison. Defendant appeals, arguing that the trial court abused its discretion in considering the unfounded allegations of extensive heroin dealings. *Held:*

The failure of the trial court to exercise its discretion by affirmatively dealing with the disputed allegations as to defendant's long term involvement in heroin dealings mandates a remand for resentencing before a different judge.

Remanded.

APPEAL AND ERROR — CRIMINAL LAW — PRESENTENCE REPORT — DISPUTED INFORMATION — JUDGES — DISCRETION — PREJUDICE.

The failure of a sentencing court to exercise its discretion by affirmatively dealing with disputed allegations contained in the court file and presentence report before imposing sentence mandates a remand for resentencing, since it is impossible for the Court of Appeals to ascertain the truthfulness of the allegations and/or what weight, if any, was ascribed to those allegations by the trial court in determining the sentence imposed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 976.

*Derengoski,* Solicitor General, and *George B. Mullison,* Prosecuting Attorney, for the people.

*Jerome E. Burns,* for defendant on appeal.

Before: R. M. MAHER, P.J., and MACKENZIE and J. H. PIERCEY,* JJ.

PER CURIAM. On October 11, 1978, defendant, Fernando Perez, was convicted, on his plea of guilty, of delivery of heroin, contrary to MCL 335.341; MSA 18.1070(41). He was sentenced, on December 26, 1978, to an imprisonment term of 3 to 20 years, and appeals as of right.

At the sentencing proceeding, defendant's attorney pointed out that a letter sent by the Bay County prosecutor's office and made part of the court's file stated that defendant had been a major heroin dealer for some time in the city of Saginaw. Defense counsel also stated that the Department of Corrections indicated in the presentence report that defendant had been dealing in heroin for some time in the city of Saginaw. The allegations were denied by the defendant and challenged by his attorney. The judge, however, never stated what weight he ascribed to the letter from the Bay County prosecutor's office or to the statements of the Department of Corrections in determining defendant's sentence.

Defendant contends that the trial court abused its discretion in considering the unfounded allegations in sentencing the defendant. Our perusal of the sentencing transcript, however, fails to reveal whether the sentencing judge considered the accusations. In *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), this Court found error

---

* Circuit judge, sitting on the Court of Appeals by assignment.

where the trial judge relinquished his discretion by failing to respond in any way to the defendant's contention that the presentence report contained inaccurate or improper information. The Court held that, although the judge was not required to hold an evidentiary hearing, he could utilize other methods to deal with the situation, such as ascertaining that the disputed material is not relevant to his decision. See also *People v Horace Williams,* 77 Mich App 402; 258 NW2d 737 (1977).

In the instant case, the trial judge did not exercise his discretion to deal with defendant's contention that the allegations contained in the letter of the Bay County prosecutor's office and the statements of the Department of Corrections were untrue. Although the trial judge stated that it was "necessary to impose serious penalties on such a serious charge", it is unclear from the record whether this was the only consideration behind the sentence imposed. We, therefore, remand for resentencing before a different judge.