PEOPLE v PEREZ

Docket No. 50441. Submitted December 8, 1980, at Lansing.—Decided February 5, 1981.

Julian Perez, Jr., was convicted, on his plea of guilty, of attempted third-degree criminal sexual conduct in the Saginaw Circuit Court, Gary R. McDonald, J. Defendant appeals, alleging that the sentencing court's failure to respond to defense counsel's indication that the presentence report contained factual inaccuracies requires resentencing. *Held:*

The failure of a sentencing court to exercise its discretion by affirmatively dealing with disputed allegations contained in the presentence report before imposing sentence mandates a remand for resentencing.

Conviction affirmed and remanded for resentencing.

CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

The failure of a sentencing court to exercise its discretion by affirmatively dealing with disputed allegations contained in the presentencing report before imposing sentence mandates a remand for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Jeffery C. Wilson,* Assistant Prosecuting Attorney, for the people.

*R. Steven Whalen,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

PER CURIAM. On November 19, 1979, defendant pled guilty to attempted third-degree criminal sex-

REFERENCES FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 303, 583.5.

ual conduct in violation of MCL 750.520d; MSA 28.788(4), and MCL 750.92; MSA 28.287. On January 8, 1980, defendant was sentenced by Saginaw County Circuit Court to three to five years imprisonment. Defendant appeals as of right.

Defendant claims that the trial court's leading questions to the defendant at the plea taking hearing rendered his plea involuntary. This is without merit. The lower court record clearly shows that, although the defendant was reluctant to talk of his attempt to have sexual intercourse with a 13-year-old girl, defendant clearly and voluntarily indicated that he did attempt to have sexual intercourse.

Of more substance is defendant's second claim of error. Defendant maintains that the sentencing court's failure to respond to defense counsel's indication that there were factual inaccuracies in the presentence report requires resentencing. Defendant is correct.

"In *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), this Court found error where the trial judge relinquished his discretion by failing to respond in any way to the defendant's contention that the presentence report contained inaccurate or improper information. The Court held that, although the judge was not required to hold an evidentiary hearing, he could utilize other methods to deal with the situation, such as ascertaining that the disputed material is not relevant to his decision. See also *People v Horace Williams,* 77 Mich App 402; 258 NW2d 737 (1977)." *People v Perez,* 94 Mich App 759, 760-761; 289 NW2d 857 (1980).

In the instant case, the defense counsel indicated at sentencing that he had received a copy of the presentence report and had gone over the report with the defendant. Defense counsel clearly stated to the sentencing court that there were

factual inaccuracies in the presentence report. Defense counsel indicated that the report was inaccurate in that it differed both from the defendant's statements to counsel and from the testimony of the prosecution's witnesses at the preliminary examination. In effect, defense counsel informed the sentencing court that the factual allegations with regard to the actual offense contained in the presentence report differed from both the defendant's version of what actually happened and the prosecution's version of what actually happened. Although defense counsel conceded that the presentence report was accurate in its statements that the actual offense occurred, defense counsel disputed the accuracy of some of the presentence report's statements as to how the actual offense was accomplished.

The sentencing transcript fails to reveal the specific statements claimed to be inaccurate and, necessarily, whether the sentencing court even considered the claimed inaccuracies in determining defendant's sentence. However, the manner and circumstances under which an offense is committed may well influence the degree of the sentence imposed. In the instant case, defense counsel challenged the accuracy of the presentence report's description of what occurred. Had the report accurately set forth both the prosecution's and defendant's versions of the offense, the alleged discrepancy would not be error. But here, the objection to the report was that it incorrectly set forth both what the prosecution claimed and what defendant contended. In the absence of the trial court's response to counsel's objection, it is impossible to determine whether the sentence imposed was based upon defendant's statements at the plea taking of what occurred or was based upon one or

the other versions set forth in the presentence report. This was error, *Perez, supra.*

We remand to the trial court for consideration of the claimed inaccuracies. In considering the claimed inaccuracies, the trial court may, in its exercise of discretion, hold an evidentiary hearing. It is not compelled to do so. The trial court may accept unsworn statements of the defendant or may ascertain that the claimed inaccuracies were not relevant to its decision and could be safely disregarded without regard to its accuracy in light of other facts. *McIntosh, supra,* 448.

Defendant's conviction is affirmed and the cause is remanded for resentencing.