PEOPLE v MAJOR

Docket No. 48414. Submitted January 19, 1981, at Detroit.—Decided May 6, 1981.

Michael E. Major pled guilty in St. Clair Circuit Court to one count of issuing a no-account check and one count of attempted false pretenses over $100. He was sentenced, Ernest F. Oppliger, J. Defendant appeals from the sentences alleging that he was given improper credit for time spent in jail before conviction. *Held:*

1. Defendant is entitled to resentencing because the trial court failed to respond to defendant's contention that his presentence report contained inaccurate information.

2. Defendant is entitled to receive credit for time he served while in the Oakland County jail on an unrelated charge from the time the St. Clair County authorities requested that a hold be put on defendant. The record is unclear as to what date the hold was placed on defendant and this uncertainty prevents the Court from determining whether the trial court acted properly. Accordingly, this matter is remanded to the trial court with instructions to make a finding regarding the date the hold was placed on defendant and then, if necessary, to amend the amount of credit in accordance with such determination.

Defendant's sentence is vacated and the case is remanded for resentencing in accordance with the opinion.

CYNAR, J., dissented. He would hold that the defendant is entitled to credit for time served from the time the St. Clair County authorities issued the arrest warrant if they knew at that time that defendant was incarcerated in Oakland County

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law §§ 527-530, 583.5.

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

[4-6] 21 Am Jur 2d, Criminal Law §§ 544, 545.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

or from the date St. Clair County was put on notice of defendant's incarceration in Oakland County if that date was not the same date that the warrant was issued.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING.

A sentencing court has a duty to respond to a defendant's allegation of inaccuracy in the information provided to the court at sentencing; failure to respond constitutes error which requires resentencing.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — COURT RULES.

A trial court must exercise its discretion in determining whether allegations of error in a presentence report are correct; in doing so, the court may consider unsworn statements of the defendant (GCR 1963, 785.12).

3. CRIMINAL LAW — PRESENTENCE REPORTS — EVIDENTIARY HEARING — COURT RULES.

A trial judge is granted the discretion by court rule to consider and weigh the contents of the presentence report, both objective and subjective, and to choose the means of ascertaining, when an objection is raised, that the defendant is not prejudiced in sentencing by false information; he is not compelled to hold an evidentiary hearing, but, in the exercise of his discretion, he may do so (GCR 1963, 785.12).

4. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — STATUTES.

The proper date for determining credit for time served by a person unable to furnish bond is the date on which the hold was placed on him (MCL 769.11b; MSA 28.1083[2]).

5. CRIMINAL LAW — ARREST — CUSTODY.

An accused is considered to be in custody as soon as the arresting authorities have him incarcerated, either directly or indirectly.

DISSENT BY CYNAR, J.

6. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.

*A defendant being sentenced is entitled to credit for time served under a hold from the time that the authority requesting the hold issues an arrest warrant if that authority is aware that the defendant is already in custody somewhere else or from the date that the issuing authority is put on notice that the*

*defendant is incarcerated elsewhere if that date is different than the date on which the warrant was issued.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

PER CURIAM. On May 31, 1979, defendant pled guilty to one count of issuing a no-account check, MCL 750.131a; MSA 28.326(1), and one count of attempted false pretenses over $100, MCL 750.92, 750.218; MSA 28.287, 28.415. On July 23, 1979, defendant was sentenced to 40 months to five years imprisonment on the attempted false pretenses charge and to 16 months to two years on the no-account check charge. It is from these sentences that defendant now appeals.

Defendant first argues that he is entitled to resentencing because the trial judge failed to respond to defendant's contention that his presentence report contained inaccurate information. We agree.

The record reveals that both defendant and his counsel argued that the presentence report was incorrect because it included as a prior felony conviction in defendant's record a case that had, in fact, been *nolle prossed.* Defendant also pointed out to the court that the presentence report contained erroneous and misleading police reports. The trial judge failed to respond to these alleged inaccuracies. Therefore, it is unclear whether the

court relied on inaccurate information in pro-
nouncing sentence.

This Court has consistently held that a sentenc-
ing court has a duty to respond to a defendant's
allegation of inaccuracy in the information pro-
vided to the judge at sentencing and that the
judge's failure to do so is error mandating resen-
tencing. *People v McIntosh,* 62 Mich App 422; 234
NW2d 157 (1975), *modified* 400 Mich 1 (1977),
*People v Horace Williams,* 77 Mich App 402, 405-
406, 409-410; 258 NW2d 737 (1977), *modified* 402
Mich 950j (1978), *People v Westerfield,* 71 Mich
App 618, 626; 248 NW2d 641 (1976).

*People v McIntosh, supra,* interpreted GCR 1963,
785.12 to mean that the trial court must exercise
its discretion in determining whether allegations
of error are correct, and may consider statements
of the defendant:

"GCR 1963, 785.12, leaves to the trial judge not only
discretion to consider and weigh the contents of the
presentence report, objective and subjective, but also
discretion as to the means of implementing the due
process duty of ascertaining, when the objection is
raised, that the defendant is not prejudiced in sentenc-
ing by false information. *United States v Sanders,* 438
F2d 344 (CA 5, 1971). While not compelled to hold an
evidentiary hearing, in the exercise of his discretion, he
may do so. He may accept unsworn statements of the
defendant. He may ascertain that the disputed matter
is not relevant to his decision, or is of little weight, or
could be safely disregarded without regard to its accu-
racy in light of other facts. There are many ways, in
the exercise of his discretion, that he may meet the
problem." *People v McIntosh, supra,* 448.

In *McIntosh,* as in the instant case, the sentenc-
ing court simply failed to respond to defendant's
allegation that his presentence report contained

inaccurate information. In remanding the case for resentencing, the *McIntosh* Court stated:

> "*Here, unfortunately, the trial judge simply did not respond to the defense claim in any way and thus abdicated his discretion. The failure to exercise discretion, when called upon to do so, is error.* People v Lessard, *22 Mich App 342; 177 NW2d 208 (1970),* United States v Espinoza, *481 F2d 553 (CA 5, 1973). We remand for resentence accordingly." Id. (Emphasis added.)*

See also *People v Perez,* 94 Mich App 759, 760-761; 289 NW2d 857 (1980), *People v Williams, supra,* 409.

Under the aforecited authority, the trial judge erred in failing at least to acknowledge the allegations of defendant. Defendant's failure to file supporting affidavits did not relieve the court of its duty to exercise its discretion. As noted in *McIntosh, supra,* at 448, the judge may rely upon unsworn statements in making his determination. Accordingly, the trial court's failure to exercise its discretion requires that this case be remanded for resentencing.

As his second issue on appeal, defendant argues that he should have received credit for time served in the Oakland County jail on an unrelated charge from the date such incarceration began or from the date that St. Clair County requested that a hold be placed on him.

The check offenses to which defendant pled guilty and which are the basis for this appeal occurred in St. Clair County on April 5, 1978, and May 24, 1978. On January 19, 1979, defendant was arrested on unrelated check offenses in Oakland County and was held in jail there. Defendant pled guilty to the Oakland County offense April 6, 1979.

On that same date, defendant was transferred to the St. Clair County jail, where he was held until he was sentenced for the instant offenses on July 23, 1979. The sentencing judge granted defendant credit for time served from the date that St. Clair County placed a hold on him in the Oakland County jail, April 5, 1979. On July 3, 1979, the judge, for a reason not discernible from the record, amended the credit time back to March 15, 1979.

The proper date for determining credit for time served under MCL 769.11b; MSA 28.1083(2) is the date on which the hold was placed. See *People v Face,* 88 Mich App 435, 440-441; 276 NW2d 916 (1979). In effect, this Court, in *Face,* held that an accused is considered to be in custody as soon as the arresting authorities have him incarcerated, either directly or indirectly. Although *Face* dealt with indirect detention prior to arrest, this principle should be extended to include indirect detentions occurring after the accused has posted bond. See *People v Havey,* 11 Mich App 69; 160 NW2d 629 (1968), *lv den* 381 Mich 756 (1968).

Under the reasoning of the above-cited cases, defendant was entitled to credit for the time he was incarcerated in Oakland County, commencing on the date of the hold. The fact that he had previously been free on bond from St. Clair County and was arraigned in Oakland County on an unrelated offense does not alter this result. Defendant was indirectly in the custody of St. Clair County authorities from the date of the hold. Accordingly, the decision of the trial court to grant credit from the date of the hold was correct.

Defendant seeks to extend this principle. He argues that the St. Clair County authorities impermissibly delayed placing the hold until defendant's last day of incarceration in the Oakland County

jail. He contends that he is entitled to credit for the full time served in Oakland County, commencing January 19, 1979, on the grounds that this is the date the hold should have been requested. We do not agree. Defendant cites no authority in support of this position; neither can we find any.

As stated, the proper date for determining credit for time served under MCL 769.11b; MSA 28.1083(2) is the date on which the hold was placed. It is at this time that the St. Clair County authorities effectively took defendant into custody. Unfortunately, the record is unclear as to this date. Defendant asserted at his sentencing hearing that the hold was placed on January 19, 1979, but argues on appeal that the date was April 5, 1979. The prosecutor indicated during the sentencing hearing that the hold was dropped on April 5, 1979, but he was unable to recall when it was placed. The trial court, for reasons not apparent in the record, granted credit from March 15, 1979. The uncertainty as to this important date prevents this Court from determining whether the trial court acted properly. Accordingly, this matter is remanded to the trial court with instructions to make a finding regarding the date the hold was placed on defendant and then, if necessary, to amend the amount of credit in accordance with such determination.

Defendant's sentence is vacated and this case is remanded for resentencing in accordance with this opinion. We do not retain jurisdiction.

CYNAR, J. *(dissenting)*. Based on *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981), defendant was entitled to credit from the day the arrest warrant was issued if St. Clair County was on notice defendant was incarcerated in Oakland County or from the date St. Clair County was put

on notice if that date was not the same date as that on which the warrant issued.