PEOPLE v KRIST

Docket No. 52549. Submitted April 14, 1981, at Detroit.—Decided
July 8, 1981. Leave to appeal applied for.

Larry J. Krist was convicted of two counts of armed robbery, St.
Clair Circuit Court, Halford I. Streeter, J. He appealed the
convictions and the Court of Appeals upheld one conviction,
reduced the other to unarmed robbery, and remanded the case
for resentencing, 93 Mich App 425 (1979). He then sought leave
to appeal to the Supreme Court which leave was denied, 407
Mich 963 (1980). Thereafter, defendant was resentenced on the
unarmed robbery conviction. He appeals, alleging that the trial
court failed to recognize and exercise its discretion in consider-
ing the defendant's allegation of inaccuracy in his presentence
report and that his sentence was based in part on the trial
court's consideration of a constitutionally infirm, prior convic-
tion. *Held:*

1. Defendant is not entitled to an additional resentencing.
The trial court's failure to respond to the claimed inaccuracy in
defendant's presentence report involved so miniscule a poten-
tial for error that any error which could have been incurred
would not have had a bearing on the ultimate sentence and
would have been harmless.

2. Defendant's sentence for unarmed robbery does not consti-
tute multiple punishment for the same offense and does not
require remand for resentencing.

Affirmed.

R. M. MAHER, P.J., dissented. He would hold that the trial
court's failure to respond to defendant's claim of inaccuracy in
his presentence report mandates a remand for resentencing. He
would remand.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 778.
    21 Am Jur 2d (Rev), Criminal Law § 527.
[3] 21 Am Jur 2d, Criminal Law §§ 527, 583.

Opinion of the Court

1. Criminal Law — Appeal — Sentencing — Presentence Reports.
   Failure by a trial court to respond to any and all alleged inaccuracies contained in a presentence report prior to imposing sentence does not constitute error per se, requiring reversal; the standard for determining whether error committed during a criminal trial requires reversal on appeal involves an inquiry as to whether the error is so offensive to the maintenance of a sound judicial system as to require reversal and, if not, whether it is harmless beyond a reasonable doubt.

2. Criminal Law — Appeal — Sentencing — Presentence Reports.
   Any error incurred because of the failure of a trial court to respond to an alleged inaccuracy in a presentence report which, if not resolved, would not have a bearing on the sentence imposed on a defendant is harmless and does not require reversal on appeal.

Dissent by R. M. Maher, P.J.

3. Criminal Law — Sentencing — Presentence Reports.
   *Failure of a trial court to respond to an alleged inaccuracy in a presentence report before imposing sentence mandates a remand for resentencing.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. Maher, P.J., and R. B. Burns and M. J. Kelly, JJ.

M. J. Kelly, J. Defendant was originally convicted by a jury of two counts of armed robbery, MCL 750.529; MSA 28.797. He was sentenced by St. Clair County Circuit Judge Halford I. Streeter to concurrent prison terms of from 14 to 40 years on each count. Those sentences subsequently were reduced to concurrent terms of from 10 to 40 years by Judge Streeter upon a motion for resentencing.

On appeal, on November 6, 1979, this Court in *People v Krist,* 93 Mich App 425, 433; 287 NW2d 251 (1979), *lv den* 407 Mich 963 (1980), upheld one of the armed robbery convictions and reduced the other to unarmed robbery, MCL 750.530; MSA 28.798, and remanded the case for resentencing.

Thereafter, on April 21, 1980, Judge Streeter resentenced defendant on the unarmed robbery conviction to from 10 to 15 years imprisonment, to be served concurrently with defendant's armed robbery conviction. Defendant appeals as of right from the order of sentence.

Defendant claims that he is entitled to be resentenced again because the trial judge failed to exercise his discretion regarding a claimed inaccuracy in defendant's updated presentence report. We hold that he is not so entitled.

The dissent would apparently opt for a per se rule that a sentencing judge's failure to respond to claimed inaccuracies in a presentence report will make invalid an otherwise permissible sentence in all cases. We do not view the cases cited in support of this claim as imposing an inflexible resentencing requirement. We believe that the authorities are distinguishable.

In *People v Major,* 106 Mich App 226; 307 NW2d 451 (1981), defendant plead guilty to one count of drawing a check without having an account, MCL 750.131(a); MSA 28.326(1), and one count of attempting to obtain over $100 by means of false pretenses, MCL 750.92, 750.218; MSA 28.287, 28.415. Thereafter, defendant received a sentence of from 40 months to 5 years imprisonment on the attempted false pretenses charge and from 16 months to 2 years on the no-account check charge. The dispute relevant to this case arose when, prior to sentencing, defense counsel noted the reference

in the presentence report to a prior felony alleg-
edly committed in Florida. It was claimed by
defendant that the case had actually resulted in
an entry upon the record of nolle prosequi. The
sentencing court failed to respond to this allega-
tion and a second claim that the report contained
inaccurate police reports. The prior felony would
be particularly damaging since, without it, the
defendant's present convictions would have been
his first felonies.

The *Major* Court remanded the defendant's case
for resentencing, based upon the view that a sen-
tencing court must "at least acknowledge the alle-
gations of defendant" to properly exercise the
discretion attending a sentencing decision. Yet, we
do not believe that a sentencing judge's failure to
respond to any and all claimed inaccuracies consti-
tutes error per se requiring reversal.[1] The instant
case, unlike *Major*, does not present a situation in
which the claimed inaccuracy, if not resolved,
would have a bearing on the defendant's ultimate
sentence. In light of the miniscule potential error
which could be incurred by the claimed inaccuracy
herein, we would hold that the error, if any, was
merely harmless. See also *People v Perez*, 103
Mich App 636, 638-639; 303 NW2d 49 (1981), re-
manding for resentencing the defendant's plea-
based conviction, where the disputed report re-
counted facts constituting the principle offense
which differed from those alleged by the prose-

---

[1] A mere finding that error was committed does not require our
further conclusion that the error required reversal. In *People v
Wright (On Remand)*, 99 Mich App 801, 810-811; 298 NW2d 857
(1980), our inquiry for determining whether specified error also consti-
tutes grounds for reversal was summarized:

"The standard for harmless error involves a dual inquiry: (1) was
the error so offensive to the maintenance of a sound judicial system
as to require reversal, and (2), if not, was the error harmless beyond a
reasonable doubt?"

cutor or defendant. The *Perez* panel based its remand in part upon its view that "the manner and circumstances under which an offense is committed well may influence the degree of the sentence imposed". *Id.,* 638. We do not view the purported inaccuracy in this case to be determinative of the sentence as in *Perez.*[2] See also *People v Horace Williams,* 77 Mich App 402, 405-406; 258 NW2d 737 (1977), *remanded* 402 Mich 950j (1978).

At sentencing, defense counsel acknowledged that she had reviewed the updated presentence report with defendant, and no claim is made that complete allocution was not permitted. Counsel saw fit to raise only one objection to the contents of the presentence report:

"There is one matter which appears to be inaccurate, an inaccurate statement, which Mr. Krist would like to have clarified for the record, your Honor. Mr. Berro in his report expresses some concern regarding a recent institutional behavior report stating that Mr. Krist had threatened a staff member at Jackson.

"Mr. Krist would like the record to reflect that although he was charged with threatening behavior, that charge was dismissed by the institution and his sentence was one of five days' detention for insolence only."

The prosecution did not object to the correction of the record, and, although the trial judge did not

_____

[2] For similar reasons, we also distinguish the contrary holdings in *People v Perez,* 94 Mich App 759; 289 NW2d 857 (1980), and *People v McIntosh,* 62 Mich App 422, 440-448; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977). In *Perez,* information in the presentence report and in a letter from the Bay County prosecutor's office to the effect that the defendant had been a major heroin dealer in the Saginaw area for some time likely would have affected any sentence imposed upon the defendant's guilty plea to delivery of heroin. Similarly, in *McIntosh,* the claimed inaccuracies, if not cured or discounted, would have portrayed the defendant as a multiple offender, drug addict, and psychologically deficient person.

expressly so state, there is no reasonable conclusion to be drawn other than that he accepted the correction proffered by counsel. The fact that defendant received the maximum sentence allowable is completely supported by the record and the circumstances mandating the reduction of both maximum and minimum sentences pursuant to the prior appellate decisions. To hold otherwise would require that any trivial clarification or correction made on a presentence report would mandate elaborate verbal descriptions of obvious mental processes even though the record indicates unanimous implied consent to the correction. This elevates form over substance and creates an unnecessary burden to an already overformalized record-making procedure. To express the proposition is enough to expose its absurdity. Finally, even if error occurred when the sentencing court failed to respond to the proposed correction, the matter could not have affected the eventual sentence.

We believe that defendant's second contention on appeal, that his sentence was based in part on the lower court's consideration of a constitutionally infirm, prior conviction, does not require resentencing. *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980).

Affirmed.

R. B. BURNS, J., concurred.

R. M. MAHER, P.J. *(dissenting).* I must respectfully dissent. GCR 1963, 785.12 provides that both the prosecution and the defense must be given an opportunity to explain or controvert any factual representations that appear in the presentence report. When, as in the instant case, a party chooses to exercise this right, the trial court must

respond in some manner. The mode of response is left to the exercise of the trial court's discretion. That response may be as simple as an announcement that the disputed facts will not be considered when passing sentence or as complicated as an evidentiary hearing. This Court consistently has held that when the trial court fails to respond it has failed to recognize and exercise its discretion and resentencing is required. *People v Major,* 106 Mich App 226; 307 NW2d 451 (1981), *People v Baker,* 103 Mich App 704; 304 NW2d 262 (1981), *People v Perez,* 103 Mich App 636; 303 NW2d 49 (1981), *People v Perez,* 94 Mich App 759; 289 NW2d 857 (1980), *People v Horace Williams,* 77 Mich App 402, 405-406, 409-410; 258 NW2d 737 (1977),[1] *People v McIntosh,* 62 Mich App 422, 440-448; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977).

Because the trial court in the instant case failed to respond in any manner to defendant's claim, it failed to recognize and exercise its discretion. On the basis of the present record, this Court cannot determine whether the trial court considered the information claimed to be inaccurate when passing sentence. Contrary to the majority's position, it is not reasonable to conclude from a silent record that the trial court exercised its discretion and accepted defendant's version of the outcome of his prison disciplinary problems.

I am not persuaded by the majority's attempt to distinguish the prior decisions of this Court, appar-

---

[1] The Supreme Court remanded *Horace Williams* to the trial court for a *Robinson* hearing, *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), and, if necessary, for resentencing. This order was expressly based on the Court of Appeals dissent in *Horace Williams,* which had stated in part that resentencing was required because of the trial court's failure to respond to all of the claimed inaccuracies in the presentence report. *People v Horace Williams,* 402 Mich 950j (1978).

ently on the basis that the claimed inaccuracies in those cases were more severe than in the instant case. This Court is ill-suited for such review. The majority does not suggest on what basis this Court should hold one claim of inaccuracy serious and another merely incidental. Furthermore, I have no doubt that what will appear to be a serious inaccuracy to one judge may appear trifling to the next. Add to this the fact that it doesn't really matter in the end whether this Court feels the inaccuracy is serious or not since it is the trial court which determines the sentence, and the result can be seen to set an unwise precedent. No matter how serious the claimed inaccuracy might be said to be, once the claim has been made the trial court's discretion is engaged.

The majority also assumes that the claimed inaccuracy had no bearing on the sentence ultimately imposed. I do not find this conclusion so easy to reach. In the face of a silent record, I am unable to say beyond a reasonable doubt that the trial court did not consider the information claimed to be inaccurate, or, that if it did consider the information, that this did not affect the sentence. Although I do not suggest that the relative seriousness of the alleged inaccuracy should excuse the trial court's failure to exercise its discretion, it is important to note that information concerning a defendant's prison conduct is vitally important to the exercise of the trial court's sentencing discretion. *People v Triplett,* 407 Mich 510, 516; 287 NW2d 165 (1980). In this regard, the distinction between "threatening behavior" and "insolence" was important to the trial court's evaluation of defendant's prison behavior.

When the trial court does nothing in the face of a claimed inaccuracy in a prehearing report, it has

failed to recognize and exercise its discretion, and the case should be remanded for resentencing and for a proper exercise of discretion. The problem with the majority's approach is that it requires this Court to attempt the manifestly impossible— to infer from a silent record the proper exercise of the trial court's sentencing discretion. We cannot place ourselves inside the head of the trial judge, and we should not attempt to do so.

I would remand for resentencing.