PEOPLE v BROWNLEE

Docket No. 53526. Submitted February 2, 1982, at Grand Rapids.—
Decided May 21, 1982.

Charles C. Brownlee was convicted, on his plea of guilty, of armed
robbery and felony-firearm, Kent Circuit Court, John T. Letts,
J. Defendant appeals, alleging that at sentencing the judge
failed to respond to the defendant's objections to information
contained in the presentence report. *Held:*

The sentencing judge did not fail to exercise his discretion in
responding to the defendant's allegations. The record of the
sentencing proceeding indicates that the judge, in light of other
facts disclosed at the hearing, considered the claimed inaccura-
cies in the report to be irrelevant to the determination of
sentence and that they could be safely disregarded.

Affirmed.

CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

A sentencing judge has a duty to respond to a defendant's
allegations that inaccurate information is contained in the
presentence report; a failure to respond generally suggests that
the sentencing judge failed to exercise his discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prose-
cuting Attorney, and *Carol S. Irons,* Chief Appel-
late Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. Defendant pled guilty to armed
robbery, MCL 750.529; MSA 28.797, and felony-

firearm, MCL 750.227b; MSA 28.424(2) in exchange for the prosecutor's agreement to (1) dismiss a separate charge of armed robbery and (2) refrain from charging defendant with any of the armed robberies which defendant agreed to inform the police of that day. In addition, a sentence agreement was made by which defendant would be sentenced to not more than 5 to 15 years in prison for the armed robbery plus the mandatory 2 years for felony-firearm. On June 23, 1980, defendant was sentenced to 5 to 15 years and 2 years, respectively.

Defendant raises only one issue on appeal. At the sentence hearing defendant objected to the inclusion in the presentence report of (1) any feelings by detectives as to an appropriate sentence, (2) a reference to a pending armed robbery charge which defendant claimed had long since been dismissed, and (3) references to other offenses defendant may have been involved in. Defendant claims the trial judge failed to respond to his objections.

A sentencing judge has a duty to respond to the defendant's allegations that inaccurate information is contained in the presentence report. *People v Major*, 106 Mich App 226; 307 NW2d 451 (1981). But see *People v Krist*, 107 Mich App 701; 309 NW2d 708 (1981) (failure to respond does not mandate reversal). A failure to respond generally suggests to the reviewing court that the sentencing judge failed to exercise his discretion. *People v McIntosh*, 62 Mich App 422; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977).

Defendant claims that after his objections were made the court "failed to respond and proceeded to mention the plea and sentence bargaining". A

reading of the transcript reveals that, contrary to defendant's characterization of it, the court's discussion of the plea and sentence bargain *was* its response.

When read in context it is readily seen that the court's discussion of the plea and sentence agreement indicated to defendant that it considered the claimed inaccuracies irrelevant to determination of sentence. The court appeared more concerned with the fact that, when the sentence agreement was entered into, it had not been made aware of a sentence of 10 to 25 years received by defendant in connection with another case a few days earlier. In fact, the court seemed somewhat chagrined by its agreement of not more than 5 to 15 years in light of this information but agreed to abide by the agreement anyway.

In *McIntosh,* the Court discussed the options available to a sentencing court when faced with a claim of inaccurate information:

"While not compelled to hold an evidentiary hearing, in the exercise of his discretion, he may do so. He may accept unsworn statements of the defendant. He may ascertain that the disputed matter is not relevant to his decision, or is of little weight, or could be safely disregarded without regard to its accuracy in light of other facts. There are many ways, in the exercise of his discretion, that he may meet the problem." *McIntosh, supra,* 448.

In *Major,* on the other hand, the Court's discussion indicates a simple acknowledgment would suffice:

"Under the aforecited authority, the trial judge erred in failing at least to acknowledge the allegations of defendant." *Major, supra,* 230.

The statements made by the sentencing court in the case at bar indicate that the trial judge listened to defendant, acknowledged his allegations of inaccurate and improper information, and determined that they could be safely disregarded without regard to their accuracy in light of other facts. No error occurred.

Affirmed.