PEOPLE v HARRISON

Docket No. 61036. Submitted January 20, 1982, at Detroit.—Decided September 2, 1982.

Lamaas Harrison was convicted in Monroe Circuit Court, James J. Kelley, J., on his plea of guilty to breaking and entering an occupied dwelling with intent to commit larceny. Defendant was sentenced to a prison term of from 10 to 15 years. Defendant appealed and thereafter sought remand to the circuit court to pursue a motion for resentencing. The motion for remand was granted by the Court of Appeals. On remand, defendant disputed the accuracy of certain assertions about the degree of his participation in the crime which were set forth in the presentence report. The trial judge adjourned the resentencing for more than an hour, and, after indicating that he had considered everything that had been said and submitted, resentenced defendant to a prison term of from 4 to 15 years. After the remand, defendant argued that the factual basis for his guilty plea was insufficient and that resentencing was mandated by the failure of the trial court to adequately respond to defendant's assertion that inaccurate information was contained in the presentence report. The prosecutor filed a motion to affirm, which the Court of Appeals granted. Defendant filed for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for plenary consideration. 412 Mich 862 (1981). *Held:*

1. There was an adequate factual basis established at the guilty plea proceedings.

2. While a sentencing court has wide discretion in determin-

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 24.
   21 Am Jur 2d, Criminal Law § 489.
[2-6] 21 Am Jur 2d, Criminal Law §§ 527, 530, 531.
   Defendant's right to disclosure of presentence report. 40 ALR3d 681.
[3] 21 Am Jur 2d, Criminal Law § 580.
[4, 6] 5 Am Jur 2d, Appeal and Error § 976.
   21 Am Jur 2d, Criminal Law §§ 580, 582.

ing how to proceed where there is a claim of factual inaccuracies in a presentence report, the sentencing court must respond in some way to a defendant's claim of inaccuracies. The record in this matter does not establish that the sentencing court properly exercised its discretion, nor does the record provide a basis to make a reasonable inference that the sentencing court exercised its discretion. Resentencing, therefore, is mandated.

Conviction affirmed, remanded for resentencing.

V. J. BRENNAN, J., dissented. He would hold that the circumstances gave rise to a reasonable inference that the sentencing court considered the defendant's claims and, accordingly, reduced the defendant's minimum sentence. He would affirm but without remand for resentencing.

## OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA — BREAKING AND ENTERING.

A sufficient factual basis to support a guilty plea to aiding and abetting in the commission of a breaking and entering an occupied dwelling with intent to commit larceny exists where the defendant at the plea proceeding admits facts from which a jury could reasonably infer that the defendant aided another in the perpetration of the breaking and entering knowing that the perpetrator had the required specific intent to commit a larceny (MCL 750.110, 767.39; MSA 28.305, 28.979).

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — ALLOCUTION.

A defendant is entitled to be sentenced on the basis of accurate information; to facilitate implementation of this due process right, the court rules require that the prosecutor and defense counsel be afforded an opportunity to inspect the presentence report and to explain or controvert the factual representations contained in the presentence report (GCR 1963, 785.12).

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A sentencing judge has wide discretion on how to proceed where there is a claim of factual inaccuracies in a presentence report; resentencing ordinarily will be mandated where the sentencing judge fails to respond in any way to a defendant's claim of inaccuracies, the exercise of discretion clearly requiring the sentencing judge to do something.

4. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — INFERENCES.

The Court of Appeals should not infer that a sentencing judge at

a resentencing accepted as true the defendant's assertion that a statement in the presentence report was inaccurate from the fact that, after the assertion of the inaccuracy, resentencing was delayed more than an hour, the judge indicated he had considered everything, and the minimum sentence was reduced.

5. CRIMINAL LAW — SENTENCING — SENTENCE RECOMMENDATION — COURT RULES.

A criminal defendant or his counsel should be apprised at the sentencing hearing of any sentencing recommendation received by the sentencing court unless the court states on the record the basis for exclusion (GCR 1963, 785.12).

DISSENT BY V. J. BRENNAN, J.

6. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — INFERENCES.

*The Court of Appeals may properly infer that a sentencing judge at a resentencing hearing properly exercised his discretion with respect to a claim by the defendant of inaccuracies in the presentence report where, after assertion of the claim, resentencing was delayed more than an hour, the judge indicated that he had considered everything, and the minimum sentence was reduced.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *Salvatore Scibetta,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove),* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and R. L. TAHVONEN,* JJ.

PER CURIAM. As a result of a plea agreement, defendant Lamaas Harrison pled guilty, on June 8, 1979, to the offense of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. On June 26, 1979, the defendant was sentenced to a term of 10 to 15

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years in prison. He was resentenced on June 5, 1980, to a term of 4 to 15 years following an order of remand entered by this Court. Defendant now appeals as of right.

It is first claimed that an insufficient factual basis was adduced at the time of the plea to support its acceptance by the trial court. A review of the transcript satisfies us that the defendant's statements to the court at the time of the plea-taking would support a finding that he participated in the commission of the charged offense as an aider and abettor, MCL 767.39; MSA 28.979. From those facts admitted by the defendant, a jury could reasonably infer that this defendant aided another in the perpetration of the breaking and entering knowing that the perpetrator had the required specific intent to commit a larceny. That being so, a sufficient factual basis existed to support acceptance of the plea. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Wirth,* 87 Mich App 41; 273 NW2d 104 (1978).

Defendant next argues that he is entitled to be sentenced again because the trial judge failed to expressly respond to defense claims of inaccuracies in the presentence report. Defense counsel alleged that the report was inaccurate in at least two respects: in stating that this defendant was the "foreman of the crime" and in indicating that the defendant "fenced" certain of the stolen items in Detroit. Defense counsel at resentencing stated to the Court:

"Well, the first thing I would like to bring out is that I feel that the—there were certain statements in the original pre-sentence report which have been repeated in the up-dated pre-sentence report, which do give a mistaken impression about the defendant's involvement in this offense.

"The statement I refer to is that the defendant was the foreman of the crime. Of course, this information was provided by the co-defendants in this case, and I would suggest that it is not reliable information, and that the defendant does maintain that he was not indeed the foreman of the offense, and that it was planned by the co-defendants without—it was planned without the knowledge of the defendant.

"The defendant's—Mr. Harrison's mistake was that he did go along with it once he realized that there was going—that it was going to be a breaking and entering. But again, Mr. Harrison does submit that he was not indeed the foreman of the offense, and also that he did not actually fence the property which was taken which is contrary to the statements again given by the co-defendant in the case."

Having heard these and other remarks from defense counsel and having received written letters regarding the defendant's progress while in the custody of the Department of Corrections, the trial court stated:

"I've read everything submitted to me—it's quite a volume of material, and I've considered everything said here today. So we'll pause at this time in this case and go back on the record shortly again."

Approximately one-and-a-half hours later, the case was recalled and the court noted:

"Having considered everything that has been said, and everything that's been submitted, and considering everything else about the case, the following sentence is imposed."

The defendant was then sentenced to a term of 4 to 15 years in prison, with appropriate credit granted.

The issue is whether the trial court adequately

responded to the defendant's assertion that inaccurate information was included in the presentence report.

A defendant is entitled to be sentenced on the basis of accurate information, *Townsend v Burke,* 344 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948); *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974). To facilitate the procedural implementation of this due process right, GCR 1963, 785.12 requires that the prosecutor and defense counsel (or defendant if not represented) be afforded an opportunity to inspect the presentence report and to explain or controvert the factual representations it contains. If a claim is then made that all or part of the report is factually inaccurate, the sentencing judge has discretion in determining how best to proceed. As this Court noted in *People v McIntosh,* 62 Mich App 422, 448; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977), the trial court may conduct an evidentiary hearing with respect to the disputed matters, may accept as true the defendant's version of the questioned facts, or may determine that the disputed matter is not relevant to the sentencing decision or can be safely disregarded. In short, the judge's response to the claim of inaccuracy is within his or her sound discretion and that discretion is to be exercised with the view of imposing a sentence based upon accurate information.

However, even though what the judge does is discretionary, it is clear that the judge must do something. This Court has repeatedly held that the failure of the sentencing judge to respond to a defendant's claim of inaccuracy requires resentencing in all but the most limited of circumstances. *People v McIntosh, supra; People v Major,* 106 Mich App 226; 307 NW2d 451 (1981); *People v*

*Baker #2,* 103 Mich App 704; 304 NW2d 262
(1981); *People v Perez,* 103 Mich App 636; 303
NW2d 49 (1981); *People v Perez,* 94 Mich App 759;
289 NW2d 857 (1980). Those limited circumstances
where resentencing is not mandated include cases
where the error was harmless beyond a reasonable
doubt because the inaccuracy would have no bear-
ing on the ultimate sentence and those cases
where the record clearly establishes that the judge
accepted as true the defendant's version of the
facts, even though the court did not expressly so
state. See *People v Krist,* 107 Mich App 701; 309
NW2d 708 (1981).

Because the trial judge in this case did not
expressly indicate his method of resolving the
controversy created by the defendant's claim of
inaccuracy, the prosecutor urges that

"the statements by the court, the delay in sentencing,
and the reduction of the minimum sentence by in
excess of two years, demonstrates that the court did
exercise its discretion."

In effect, the prosecutor would have us infer that
the trial judge accepted as true the defendant's
assertion that he was not the ringleader and did
not "fence" the goods. That inference should be
drawn, says the prosecutor, from the statements of
the trial court that it considered everything sub-
mitted and said, from the one-and-one-half hour
delay in sentencing and from the reduction in the
minimum sentence. Accepting as true for present
purposes the assertion that a sentencing court's
resolution of a factual dispute may, in certain
cases, be inferred from the lower court record even
in the absence of an express determination, we are
constrained to find that this is not such a case and
must therefore remand for resentencing.

The statement by the trial judge that he considered everything submitted and said at sentencing does not support an inference that the factual dispute was resolved or the questioned assertions disregarded. The court considered both the questioned statements in the presentence report and defense counsel's assertions that they were false. That consideration does not in any way indicate whether the sentencing judge believed the presentence report or the defendant's version. Nor does it suggest in any fashion that the sentencing judge disregarded the factual assertions in the presentence report.

The delay in sentencing was apparently utilized by the trial court to further review written reports submitted to him by the Department of Corrections concerning the defendant's conduct while in prison. Again, this does not bear upon the dispute or its resolution.

The reduction in sentence was attributed by the trial judge to the fact that the defendant did "well while he was in the prison system" and to "everything else presented to the court and said to the court". Nothing in this statement suggests how the trial court exercised the discretion confided to it in responding to the claim of inaccuracy. We are left to speculate as to what weight, if any, the sentencing court gave to the allegedly erroneous information.

Finally, we cannot say that the disputed factual statements would have had little bearing on the defendant's ultimate sentence. *Cf. People v Krist, supra,* 704. Assertions that this defendant was the "foreman of the crime" and "fenced" the stolen goods could clearly have an effect on the sentence imposed.

Here, as in *McIntosh, supra,* and *Major, supra,*

we are constrained to conclude that the trial court simply failed to respond to the defendant's allegation that the presentence report contained inaccurate information relevant and material to the sentencing decision. There is nothing before us in the record which would allow us to infer, as this Court did in *Krist, supra,* that the matter was of no moment or that the trial court impliedly consented to the defendant's proposed correction of the inaccuracy. The defendant therefore must be resentenced.

Because the issue may arise again at resentencing, we note that the defendant or his attorney should be apprised of any sentencing recommendation received by the court unless the court states on the record the basis for exclusion under GCR 1963, 785.12. *People v Matzat,* 108 Mich App 327; 310 NW2d 231 (1981).

The defendant's conviction is affirmed. The case is remanded for resentencing before another judge. This Court does not retain jurisdiction.

V. J. BRENNAN, J. *(dissenting).* I cannot concur in my colleagues' disposition of the sentencing issue here.

The record is clear that the trial judge, upon being advised of the alleged inaccuracies in the presentence report, did the following: (1) adjourned sentencing for over an hour; (2) returned and stated that he had "considered everything that has been said"; and then (3) quite significantly reduced defendant's sentence by over two years.

There is no question in my mind that the judge considered the claims of inaccuracies. He then came back and lowered the sentence, clearly indicating his response to the claim and the exercise of his discretion. There was no error here.

I would affirm without remand.